# WHEELING.

## Corrothers v. Jolliffe.

Submitted June 6, 1889.—Decided June 27, 1889.

1. Partition—Sale.

> In a suit for the partition of a mill-property, which is not susceptible of partition in kind, the plaintiff, who is the owner of one sixth of the property, offers for the whole $5,000.00 and claims, that it is worth more than that sum, and the court at the instance of the defendant, who owns the other five sixths and states, that he does not wish to sell, and offers to pay the fair value of the plaintiff's interest, refers the cause to a commissioner, who reports the value of the plaintiff's interest at $550.00. *Held:* It was error for the court to decree that upon the payment of said $550.00 the plaintiff should convey his interest to the defendant. Instead of such decree the court should have ordered the whole property to be sold at auction.

*J. W. Mason* and *A. F. Haymond* for appellant.

No appearance for appellee.

Snyder, President :

Suit in equity commenced in December, 1882, in the Circuit Court of Monongalia county by John W. Corrothers against Thomas M. Jolliffe and others and subsequently removed to the Circuit Court of Taylor county, where it was finally heard and decided. The facts as they appear in the

record, so far as it is necessary to state them for the purposes of this appeal, are as follows :

Prior to July, 1882, six of the children of Joseph Jolliffe, deceased, were the joint owners of certain real estate in Monongalia county, consisting of about twenty one acres of land, on which there were a mill and other buildings with certain water-rights appurtenant thereto. One of these six children was the defendant, Thomas M. Jolliffe, and another was his sister, Catherine A. Hutchinson, who in July, 1882, sold and conveyed her undivided one sixth interest in said property to the plaintiff, John W. Corrothers. In December, 1882, the defendant, Thomas M. Jolliffe, purchased and had conveyed to him the interests of four of said children, whereby he became the owner of the five sixths, and the plaintiff the owner of the other one sixth of said property. The bill alleges, and the answer admits, that the property is not susceptible of partition in kind. The bill prayed for a sale of the property and a division of the proceeds according to the respective interests of the parties. The defendant Thomas M. Jolliffe states in his answer, that he does not wish to sell his five sixths interest in the property, and avers and offers to pay the plaintiff for his one sixth interest whatever sum three disinterested men will say it is worth, or whatever the court by reference to a commissioner may ascertain to be the value of the plaintiff's one sixth interest. In reply to this claim and offer of the defendant the plaintiff stated, that he also wished to buy the property, and was willing to pay the said defendant the fair value of his five sixths, to be ascertained as suggested by the defendant, and denies, that because the defendant is the owner of the larger interest he has the right to purchase the property to the exclusion of the right of the plaintiff to purchase.

Upon this state of facts the court made an order, in which it decided that the defendant was entitled to purchase the one sixth interest of the plaintiff, and referred the cause to a commissioner to ascertain the value of said one sixth interest. The commissioner took depositions as to the condition and value of the property and reported, that the value of the plaintiff's one sixth was $583.00 and he also returned with his report the offers of two responsible persons to pay

$1,100.00 and $1,150.00 respectively for said one sixth interest. On exceptions by the plaintiff the cause was referred to another commissioner, and he reported, that the said one sixth interest was worth $550.00. Upon the final hearing of the cause the plaintiff repeated an offer previously made by him to pay the defendant $4,166.69 for his five sixths interest in the property and brought said sum into court and tendered it for such payment; but the court refused to consider said offer, and decreed that the defendant pay to the plaintiff $550.00 in full satisfaction of his one sixth interest, and in consideration thereof ordered the plaintiff to convey said interest in the property to the said defendant.

From this decree, which was entered on August 11, 1886, the plaintiff has appealed.

Our statute declares: "When partition can not be conveniently made, the entire subject may be alloted to any party who will accept it, and pay therefor to the other parties such sums of money as their interest therein may entitle them to; or, in any case in which partition can not be conveniently made, * * * the court may order a sale of the entire subject, and make distribution of the proceeds of sale according to the respective rights of those entitled," etc. Code 1887, c. 79, s. 3. Under this provision of the statute, when partition in kind can not be conveniently made, the court may do either of two things: First, it may allot the entire subject to a party, who will accept it; or, second, it may order the whole subject to be sold; but whether the court should in any particular case adopt one or the other of these modes of proceeding must depend upon the circumstances of the case. In a case such as the one now before us, where there are but two parties, and each of them desires to have allotted to him the whole subject, the court can not arbitrarily decide, that one shall have the subject to the exclusion of the other.

The fact, that one has a greater interest than the other, is surely no just reason, why he should be given a right of election, which is denied to the other. In principle the owner of the small interest has as much right to control and protect his interest, as the owner of the large interest has to control and protect his interest. The difference between the

two interests is merely one of degree, and not of principle. The small interest of the one may be a much larger proportion of his whole estate than the large interest is to the whole estate of the owner of that interest. A man, who owns one acre of land, is in law and justice entitled to the same rights in respect to it, that a man who owns 100 acres is in respect to his 100 acres. The language of the statute is not, that the owner of the larger interest may elect to have alloted to him the whole subject upon the payment to the owner of the smaller interest the value of the latter, but that the entire subject may be allotted to any party regardless of his interest, who will accept it. In a case where more than one party, as in the case at bar, asks the court to allot the whole subject to him, and he is able and willing to pay for the other interests, both reason and justice require the court in the exercise of its powers to allot the whole to the party, who offers the largest proportional sum for the whole or the interests of other parties. It would be unjust in such cases to allot the whole to the party, who was unwilling to pay to the other party or parties as much or more proportionally for their interests as they were willing and able to pay him for his interest, and it would be equally unjust for the court to compel a party to accept for his interest less than he was ready and willing to pay for the like interests of the other parties. In such case the only proper mode of proceeding is for the court either to allot the entire subject to the party, who offers the largest proportional price for it, or to order the sale of the whole.

If, however, only one of the parties is willing to have the whole allotted to him, and the other parties are unwilling to take for their interests what such party is willing to pay therefor, then the court may either refer the matter to a commissioner to ascertain the fair value to be paid for said interests, or order the whole subject to be sold, as the one or the other course may seem to the court to be the most advisable and promotive of the interests of all the parties in interest.

In the case at bar the plaintiff offered to pay the defendant $4,166.67 for his five sixths of the property. This was equivalent to an offer of $833.33 for a one sixth interest, and

in the face of this offer the court decreed that the plaintiff should have only $550.00 for his one sixth interest. The effect of this decree was to confiscate at least $283.33 of the plaintiff's property, or to transfer it to the defendant arbitrarily and without compensation. But this was not all. The plaintiff was offered a much larger sum than $833.33 for his interest, and stated that he expected to pay the defendant more than that sum for each of the defendant's sixth interests, in the event the entire property should be sold at public auction.

In view of these and other facts appearing in the record, it was the plain duty of the court to order the entire subject to be sold at auction. For these reasons I am of opinion that all the decrees of the Circuit Court should be reversed, and the cause remanded to said court, to be there proceeded in according to the principles announced in this opinion.

REVERSED.  REMANDED