ALVAH B. BILLINGS *v.* LAURA P. BILLINGS.

October Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 8, 1944.

*Philip M. M. Phelps* and *Wayne C. Bosworth* for the petitionee.

*Lawrence & O'Brien* for the petitioner.

MOULTON, C. J. The parties own certain real estate as tenants in common, and one of them has brought a petition for partition as authorized by Sections 1964 and 1966 of the Public Laws. Judgment has been entered that partition should be made and commissioners have been appointed to set off the shares of the parties, as provided by section 1972. The commissioners have reported to the County Court that the real estate cannot be divided without great inconvenience to the parties, whereupon the Court has recommitted the matter to the Commissioners, instructing them to assign the real estate "to one of the parties provided he or she pays to the other party such sum of money at such times and in such manner as the Commissioners judge equitable." The defendant excepted to this order and the cause has been passed to us before final judgment in accordance with P. L. sec. 2072.

The statute (P. L. 1977) under which the recommittal was made is as follows: "When it appears that the real estate, or a portion thereof, cannot be divided without great inconvenience to the parties interested, the court may order it assigned to one of the parties, provided he pays to the other party such sum of money, at such times and in such manner as the commissioners judge equitable."

The ground of the exception is that under this statute it is the duty and function of the County Court to adjudge which of the parties shall be the provisional assignee and that the order is erroneous in that the determination of this question is. left to the commissioners.

It is the fundamental rule of statutory construction that the intention of the Legislature must be ascertained and given effect. *In re Walker Trust Estate,* 112 Vt 148, 151, 22 A2d 183, and cas. cit. *Town of Brandon* v. *Harvey,* 105 Vt 435, 439, 168 A 708. Where the statute is equivocally worded, so that the meaning is obscure, resort may be had to extrinsic matters, such as the history of the enactment, and the trend of previous legislation. *In re Walker Trust Estate, supra; Town of Randolph* v. *Montgomery,* 109 Vt 130, 137, 194 A 481; *Town of Brandon* v. *Harvey, supra.* So also consideration may be given to other statutes relating to the same subject matter which may be construed with reference to each other as parts of one system. *In re Swanton Milk Area,* 112 Vt 285, 292, 23 A2d 536; *In re Estate of Rushford,* 111 Vt 494, 497, 18 A2d 175; *Doubleday* v. *Town of Stockbridge,* 109 Vt 167, 171-2, 194 A 462. And here we may also avail ourselves of the meager assistance afforded by the decisions of this court in which the procedure in partition cases has been, tacitly at least, approved.

P. L. 1977 has come down to us from the revision of 1797, Chapter 48 sec. 5. It was originally enacted as follows: "That when it shall appear to the court, that any messuage, tract of land or other real estate cannot be divided without great inconvenience to the parties interested, they may order the same to be assigned to one of the parties; such party to whom the same shall be assigned, paying such sum or sums of money, at such time or times, and in such manner to the other party, or parties, as the commissioners, to be appointed by the court, shall judge just and equitable." With some unimportant changes in punctuation this language remained in the successive revisions of 1808, 1824, 1839, 1850, 1862 and 1880, but in the revision of 1894 (V. S. 1528) it assumed its present form. It is evident under the original statute, that the County Court was intended to be the tribunal to be satisfied of the necessity of a partition by assignment and to possess the authority to order the assignment to be made. It is not to be supposed that the later change in wording indicates a different legislative intent.

P. L. 1977 is contained in Chapter 84 of the Public Laws, all of the sections of which relate to the same subject matter and therefore, in accordance with the principle to which reference has been made, may be construed with reference to each other as parts of one system. The title of the Chapter "Partition of Real Estate," fortifies this conclusion. See *Doubleday* v. *Town of Stockbridge*, 109 Vt 167, 172, 194 A 462. In the case of a partition by allotment, after judgment of partition rendered by the County Court in accordance with P. L. 1972 and 1973, the commissioners are required by P. L. 1974 to divide the estate and to set out the share of each owner by metes and bounds. P. L. 1975 provides that: "The commissioners, having made partition, shall make return to the court of their doings, with a description of each portion of the estate set off, and a certificate of their having been sworn; and such report, unless cause is shown, shall be accepted by the court and judgment rendered thereon." Title to the shares as set off is transferred by recording a certified copy of the report, with the judgment of the court accepting it, in the appropriate office. P. L. 1976. Thus it appears that the partition made by the commissioners is not complete until their report has been made to and accepted by the Court, and judgment rendered; and that the title is passed only after all this has been done.

Although no procedure is specified in the case of an assignment under P. L. 1977, we consider the legislative intention to be that the provisions of P. L. 1975, as to a report by the commissioner and its acceptance and judgment thereon by the court, is applicable where the estate cannot be divided without great inconvenience and an assignment becomes advisable. This appears to have been the practice followed in such cases. In *Carver* v. *Spence*, 67 Vt 563, 32 A 493, the commissioners reported that partition could not be made without great inconvenience to the parties interested, whereupon the court ordered that the property should be assigned to one of the parties, and recommitted the report. The commissioners reported again that none of the parties interested would take an assignment and pay the appraisal. The court then directed the commissioners to sell the property at public auction, which was done. The question before the Supreme Court related to the adequacy of the price received and arose upon the report of the sale presented to the County Court, but the opinion states (p. 564): "All the proceedings were in compliance with the requirements of

the statute." In *Blanchard* v. *Cross,* 97 Vt 370, 123 A 382, the report was that the estate could not be divided without great inconvenience and that none of the owners would take assignment thereof and make payment therefor. After hearing exceptions to the report, a sale of the property was ordered. In *Watkins* v. *Merrihew,* 102 Vt 190, 147 A 345, the commissioners reported that the land could not be divided without great inconvenience; that the petitioners had signified their willingness to accept an assignment at a reasonable valuation; and that it would be equitable to pay the sum of $400.; and the report recommended an order assigning the petitionee's interest to the petitioners upon the payment of that amount. The amount was paid to the clerk of the County Court, and that court made the order as recommended. The order was the equivalent of the judgment required by statute.

We conclude, therefore, that the procedure prescribed by statute, and followed in practice by the courts, is that if the commissioners find that the estate cannot be divided without great inconvenience, that is, that the aggregate value of the several parts when held by different persons in severalty will be materially less than the whole value of the property if owned by one person (*Blanchard* v. *Cross,* 97 Vt 370, 373, 123 A 382), they shall ascertain and report to the court whether one of the owners is willing to take an assignment of the interest of the other owner or owners, and the sum or sums that are equitable compensation for the assignment, as well as the times and manner of payment. Unless cause to the contrary is shown the report is to be accepted by the court and judgment rendered for the assignment to the party indicated therein. This judgment constitutes the authority of the commissioners to proceed with the assignment. The designation of the assignee is thus made by the Court upon acceptance of the report, but the actual assignment is made by the commissioners.

The petitioner in the present case calls attention to the entry order in *Baldwin* v. *Aldrich,* 34 Vt 526, 532, wherein the Supreme Court, after disposing of certain exceptions taken to the pleadings filed in the trial court, reversed the judgment below and remanded the cause "for the appointment of commissioners to make assignment or sale of all of the premises described in the petition." We do not construe this order to imply a different procedure than the one which has been outlined. However, it would have been more accurate if the remand had been for the appointment of commis-

sioners to ascertain whether one of the parties would take an assignment at a price and terms to be found to be equitable, and to make their report to the County Court for its approval.

The order to which exception has been taken is open to the same criticism. It does not clearly define the duty of the commissioners, and for this reason a new order should be made.

*Judgment reversed, pro forma, and cause remanded with direction that an order shall be entered in accordance with the views hereinbefore expressed in this opinion.*