ALVAH B. BILLINGS *v.* LAURA P. BILLINGS.

May Term, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 1, 1946.

*Philip M. M. Phelps* and *Wayne C. Bosworth* for the petitionee.

*Lawrence & O'Brien* for the petitioner.

BUTTLES, J.   This is a petition for partition of real estate owned by the parties in equal shares as tenants in common.   The case has been here before and is reported in 114 Vt 70, 39 A2d 748.   It was there held that when it appears that the real estate cannot be divided without great inconvenience to the parties and an assignment to one of them is to be made in accordance with P. L. 1977 the designation of the assignee is to be made by the court upon acceptance of the report of the commissioners, but the actual assignment is to be made by the commissioners.

Following remand of the case it was recommitted to the commissioners who, by their third and fourth reports, reported, in effect, that both the petitioner and petitionee were willing to take an assignment of the other's interest, and that $4000 in cash in thirty days from the final order of the court would be equitable compen-

sation for either to pay to the other for such an assignment. The court accepted these reports, heard evidence as to which party, if either, was entitled to a preference, made findings of fact and rendered judgment ordering that the petitionee's undivided one half interest be assigned to the petitioner who was to pay the sum of $4000 therefor in the manner specified.

The petitionee's exceptions which are briefed question the correctness of the procedure followed, as applied to a case of conflicting elections by two or more co-owners to take an assignment of impartible property for the sum and on the terms as to time and manner of payment which the commissioners judge to be equitable. No express provision for such a case is made by our statute, the applicable sections of which are: Sec. 1977. "When it appears that the real estate, or a portion thereof, cannot be divided without great inconvenience to the parties interested, the court may order it assigned to one of the parties, provided he pays to the other party such sum of money, at such times and in such manner as the commissioners judge equitable." Sec. 1978. "In case one of the parties interested will not take such assignment and pay such sum, the court shall order the commissioners to sell such estate at public or private sale."

The fundamental rule of statutory construction is that the intention of the legislature must be ascertained and given effect. *Billings* v. *Billings,* 114 Vt 70, 72, 39 A2d 748; *In re Walker Trust Est.,* 112 Vt 148, 151, 22 A2d 183; *Clifford* v. *W. Hartford Cry. Co.,* 103 Vt 229, 252, 153 A 205. It is always presumed in regard to a statute that no unjust or unreasonable result was intended by the legislature. *State* v. *Reynolds,* 109 Vt 308, 310, 1 A2d 730; *Brackett* v. *Chamberlain,* 115 Me 335, 98 A 933, 935. The true rule for the construction of statutes is to look to the whole and every part of the statute, and the apparent intention derived from the whole, to the subject matter, to the effects and consequences, and to the reason and spirit of the law, and thus ascertain the true meaning of the legislature, though the meaning so ascertained conflicts with the literal sense of the words. *Ryegate* v. *Wardsboro,* 30 Vt 746, 749; *Baker* v. *Jacobs,* 64 Vt 197, 200, 23 A 588; *Osgood* v. *C. V. Ry. Co.,* 77 Vt 334, 340, 60 A 137, 70 LRA 930; *In re Fullam's Est.,* 96 Vt 308, 317, 119 A 433; *Brammall* v. *LaRose,* 105 Vt 345, 349, 165 A 916.

In Vermont a petition for partition, being, according to the common law and equity practice, neither an action at law nor a suit in chancery, is a special proceeding under the law. *Blanchard* v. *Cross,* 97 Vt 370, 376, 123 A 382. Such proceedings are more or less equitable in nature. *Watkins* v. *Merrihew,* 102 Vt 190, 194, 147 A 345.

Prior to the enactment of No. 54 of 1902 our statutes regarding partition in probate courts provided that preference should be given to males over females and to the elder over the younger in making assignment of an impartible estate, but ever since then the same proceedings have been required for assignment or sale in probate as in county court proceedings for partition. .In proceedings by petition in county court no preference of any kind is or ever has been directed or authorized by the statute. The maxim "Equality is equity" must here apply. In a case where there are but two parties and each of them desires to have allotted to him the whole subject the court cannot arbitrarily decide that one shall have the subject to the exclusion of the other. *Carrothers* v. *Joliffe,* 32 W Va 562, 564, 9 S E 889, 25 Am St Rep 836.

The question what should be done in such a case is new in Vermont and few decisions which help to solve it are to be found in those states which provide for an assignment as an alternative to actual division of the property.

*Harbin* v. *Harde,* 141 Pa Super 1, 14 A2d 866, was a proceeding in equity for. partition. Both parties elected to take the land at the master's valuation. The master thereupon called for sealed bids from the parties and awarded the land to the higher bidder. On appeal a claim for preference was made because of kinship, and also the claim that the court rather than the master should make the award. The appellate court sustained the procedure below, holding that it conformed to the express provisions of the Pensylvania statute.

*Carrothers* v. *Joliffe,* 32 W Va 562, 9 SE 889, 25 Am St Rep 836, was also a suit in equity for partition. The plaintiff owned an undivided one sixth and the defendant an undivided five sixths of the property which was admitted to be impartible. Each party indicated his willingness to accept an assignment of the other's share. The court below awarded the plaintiff's one sixth interest to the defendant at the commissioner's valuation, although it appeared

at the final hearing that this was less than the proportional amount that the plaintiff was willing to pay for the defendant's interest, and less than other parties would pay for the plaintiff's interest. The West Virginia statute as construed by the court gave the lower court the alternative, depending upon the circumstances, either to allot the entire subject to a party who would pay for it or to order the whole subject to be sold. The appellate court says that where more than one party asks the court to allot the whole subject to him, and he is willing and able to pay for the other interests, both reason and justice require the court, in the exercise of its powers to allot the whole to the party who offers the largest proportional sum for the whole or the interests of other parties. It was held, however, that under the circumstances disclosed a sale at auction should have been ordered.

*Darling* v. *Darling*, 85 Ohio St. 27, 28, 96 NE 939, 941, was a partition proceeding commenced by petition under a statute very similar to our own. There were conflicting elections to take the property at its appraised value by two of the seven co-tenants, and the trial court's order of a public sale was affirmed, mainly on the ground that both elections were made out of time, but the court said that the "right to elect did not abide alone in Willard, but any one or more of the co-tenants had the same right. They stood as equals in relation to that right and if two or more had elected to take this tract of land at the appraised value, a public sale of the same would have been required."

The Ohio statute, under which the Darling case was decided, provides that upon election to take by one or more of the parties, the property shall be assigned to him or them etc., and also provides for payment by him or them. In *Burch* v. *Brooks*, 34 Ohio C D, 605, 606, aff'd. without opinion in 82 Ohio St. 441, 92 NE 1110, it is held that by this use of plurals the legislature "either contemplated the individual election by one of the tenants in common, or the joint election by one (sic) or more, but it did not contemplate the election by one to take the whole of the property for himself and the election by another to do the same, because of course that sort of proceeding would defeat itself. It would be impossible to carry it out, and under such circumstances the courts have, I think, uniformly adopted the procedure of ordering a sale, refusing all the conflicting elections." It is also said by the court

that the statute is a blank as to what proceedings shall be taken in a case of conflicting elections.

We endorse the reasoning of the Ohio courts and hold that the words in P. L. 1978 "in case one of the parties interested will not take" etc. contemplate an order of sale except when one of the parties, for himself individually, or for himself and others jointly, will take an assignment and pay the required sum on the required terms. The exception does not include a case where two or more of the owners, each for himself, elect to take an assignment for the sum and on the terms judged by the commissioners to be equitable. An assignment such as the legislature must have intended, one that would be in accordance with the principles of equity as between the parties, becomes impossible, and if the report of the commissioners is accepted by the court a sale of the property should be ordered. Under the familiar rule that when the same words are used in different sections of the same statute they will bear the same meaning throughout, unless it is apparent that another meaning was intended, the words "one of the parties" as used in P. L. 1977 will bear the same meaning that we have found was intended by the use of those words in P. L. 1978. *Clifford* v. *W. Hartford Cry. Co.,* 103 Vt 229, 253, 153 A 205, and cases cited.

We note however that P. L. 1977 does not require the commissioners to appraise the property, but to judge the sum of money which is equitable for the assignee to pay, together with the times and manner of such payment. Although these parties were formerly husband and wife they are now tenants in common in equal shares and there is no claim of fraud. The commissioners, in determining such equitable sum, would not be concerned with whether the title of one party was obtained by gift or purchase, nor with the matrimonial troubles of the parties prior to their divorce by the court of another state. See *Piper* v. *Farr,* 47 Vt 721, 727. But the amount that a party is willing to pay for an assignment might well be considered. Of course it might be determined to be equitable for him to pay a sum greater than his offer, but it would not be inequitable to require him to pay at least the full amount that he is willing to pay. Nor would it be inequitable for the other party to receive a proportionally greater amount than he would himself be willing to pay for the other share or shares.

The petitionee's brief contains a statement, previously made to the trial court, that she is willing to pay substantially more than the sum that was adjudged equitable for her to pay for an assignment. In view of this fact and the novelty of the question presented, in the interest of justice we will remand the case (see *Webb* v. *State,* 90 Vt 65, 67, 96 A 599 ; *Dependents of Vlahos* v. *Rutland Restaurant,* 104 Vt 188, 190, 157 A 832) with appropriate directions for re-committal to the commissioners to ascertain anew and report to the court, following the suggestions we have made, whether one of the owners is willing to take an assignment of the interest of the other, and the sum that is equitable compensation for such assignment and the times and manner of payment.

*Judgment reversed and cause remanded with directions that the acceptance by the court of the third and fourth reports of the commissioners be revoked; that the case be recommitted to the commissioners to ascertain and report anew whether one of the owners is willing to take an assignment of the interest of the other owner, and the sum that is equitable compensation for such assignment, as well as the times and manner of payment that are equitable. If upon return and acceptance by the court of the commissioners' report it shall appear that both owners are still willing to take an assignment of the interest of the other for the sum and at the times and in the manner judged to be equitable, let an order issue for the sale of the real estate in accordance with P. L. 1978.*

MOULTON, C. J. dissenting.

I cannot agree with the opinion of the majority, which, as it seems to me, savors altogether too strongly of judicial legislation.

The commissioners appointed to make partition of certain real estate have reported that it cannot be divided without great inconvenience to the parties interested, that $4000. is an equitable sum to be paid for a half interest therein and that each of the two parties, who are equal owners as tenants in common, is willing to take an assignment at that price. No exception was taken to the report, and the County Court, after hearing evidence as to the relative claims of the parties, ordered an assignment to be made to the plaintiff. The defendant's claim, as presented by her exceptions is simply this ; that under the circumstances the court was required to order the commissioners to sell the property pursuant to

the provisions of P. L. 1978, and, incidentally, that it had no authority to take evidence upon the question as to which one of the parties should be the assignee.

The right to a partition by sale is purely statutory, being an innovation upon the common law which favors a partition in kind rather than by sale, and, if a sale is to become a matter of right, all the statutory requirements must be met by proof. *Blanchard* v. *Cross,* 97 Vt 370, 373, 123 A 382. It is clear to me that, in this case, these requirements have not been satisfied. P. L. 1978 is as follows: "In case one of the parties interested will not take such assignment and pay such sum, the court shall order the commissioners to sell such estate at public or private sale." Although this language is not devoid of ambiguity the intention of the Legislature is plain, that in case no one of the parties will take the assignment on the terms specified a sale must be ordered. This is the only contingency in which a sale is authorized, and to hold that the court must order it when each of the parties is willing to become the assignee is to give sanction to a procedure that P. L. 1978 not only does not permit but by an application of the maxim, "inclusio unius est exclusio alterius," impliedly forbids.

I believe and would hold that the action taken by the County Court should be upheld and the judgment affirmed. P. L. 1977 provides that: "When it appears that the real 'estate, or a portion thereof, cannot be divided without great inconvenience to the parties interested, the court may order it assigned to one of the parties, provided he pays to the other party such sum of money, at such times and in such manner as the Commissioners judge equitable." When this cause was here before (114 Vt 70, 39 A2d 748) we sustained the defendant's contention that by this statute the designation of the provisional assignee is for the Court and not for the Commissioners to make. At that time only one of the parties had exhibited a willingness to become the assignee, and so the present issue did not arise. But P. L. 1977 is sufficiently comprehensive to cover a situation where there is more than one potential assignee. The phrase "may order it assigned to one of the parties" is permissive. *Snyder* v. *C. V. Ry.,* 112 Vt 190, 193, 22 A2d 181; *Joy* v. *Swanton Svgs. Bk. and Tr. Co.,* 111 Vt 106, 111, 10 A2d 216; *Spaulding and Kimball Co.* v. *Aetna Chemical Co.,* 98 Vt 169, 173, 126 A 588. It carries the implication of a power to make a choice,

and in the exercise of a sound discretion to order an assignment to one or the other of the parties. When read in connection with P. L. 1978 which restricts the authority to order a sale to a situation which concededly does not exist in this case, it seems clear that the intention of the Legislature was to leave the decision in the present circumstances to the discretion of the County Court. If this were not so, there would be no available remedy under the statute, the impartible real estate would of necessity remain undivided to the detriment of the parties and the purpose of the law be defeated. Such an absurd result must be avoided if possible. *In Re Watkins Estate,* 114 Vt 109, 113, 41 A2d 180, 157 ALR 212; *Brammall* v. *LaRose,* 105 Vt 345, 349, 165 A 916. The construction of the statute above stated is free from any taint of judicial legislation, even of the kind that the late Mr. Justice Oliver Wendell Holmes regarded as interstitial.

There is no issue as to an abuse of discretion, for the only contention is that a sale is obligatory under P. L. 1978. As in the case of all discretionary rulings we must assume that the discretion was exercised soundly and judicially as required by law, the contrary not appearing. *Murray* v. *Nelson,* 97 Vt 101, 110, 122 A 519; *State* v. *Stacy,* 104 Vt 379, 389, 160 A 257, 747.

The testimony of the defendant at the hearing before the County Court to the effect that she was willing to pay $5000. for a half interest in the property might well have been introduced before the Commissioners and considered by them in determining the equitable price to be paid. But they have adjudged and reported the sum of $4000. As we have seen, no exception was taken to their report which is, therefore, conclusive to the same extent that findings of fact made by a trial court, which are unexcepted to, are conclusive in this court. Certainly this testimony cannot justify an order of sale that is not authorized by law.

I do not overlook the Ohio and West Virginia decisions which are cited and relied upon in the opinion of the majority. These cases involve statutes which differ from our own in certain respects, and I would feel no obligation to follow them, even if it were otherwise, because to do so would, in my opinion, depart from the canons of statutory construction which have long been recognized and adopted in this State.

Mr. Justice Jeffords concurs in the foregoing dissent.