### Henry LaGue, Jr. v. State of Vermont and State of Vermont Highway Board

[260 A.2d 387]

No. 56-68

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 2, 1969

*John A. Burgess,* Montpelier, for Plaintiff.

*James M. Jeffords,* Attorney General and *Richard M. Finn,* Assistant Attorney General for the State and State Highway Board.

**Holden, C.J.** This action in equity comes about as an aftermath to the State's condemnation of lands formerly owned by LaGue, Inc. for the construction of a highway known as Interstate 89 in the city of Montpelier. The question presented is whether the defendant state highway board is required to compensate the plaintiff for the loss of an option to purchase access rights across the land appropriated.

On April 11, 1958 the defendant instituted condemnation proceedings against certain lands in a real estate development owned by LaGue, Inc. LaGue, Inc., later granted the plaintiff Henry LaGue, Jr., an option to purchase 120 building lots with abutting streets, as set out in a specified plan. The option was given on April 25, 1958 for a term of ten years.

The chancellor concluded this to be essentially an option of first refusal with respect to any one or more of the lots in the development. The option agreement also provided ingress and egress to the lots purchased, as well as easements for the construction of sewer and water lines according to a plan of subdivision of property owned by LaGue, Inc.

On December 23, 1958, LaGue, Inc., conveyed four lots to the plaintiff. Access to these lots could be gained only across the lands which were the subject of the defendant's petition to condemn of April 11, 1958. The conveyance makes no specific reference to easements or rights of way to afford access over lands of the grantor. The instrument recites that the deed is given in compliance with the terms and provisions of the op-

tion of April 25, 1958, as it appears in the land records of the city of Montpelier.

The chancellor determined that in the laying out and construction of Interstate 89, the State acquired land from LaGue, Inc., "either by condemnation proceedings or by deed—which —effectively and permanently cut off access—" to the lots deeded to the plaintiff by deed of LaGue, Inc., in December, 1958. The plaintiff was not legally notified of condemnation proceedings. Neither was he awarded nor tendered compensation for the loss of access to the lots conveyed to him by LaGue, Inc.

The deed, to which the findings refer, was a conveyance by LaGue, Inc., to the State of Vermont, executed on April 15, 1959. Although it conveyed the access area to the plaintiff lots, the chancellor found "(i)t in no way conveys any right, title, claim or interest to the lands described in the deed from LaGue, Inc., to plaintiff LaGue, dated December 23, 1958."

On these findings the chancellor issued a decree which declared the plaintiff had no right, title or interest and no right of way or easement in the land described in the deed of LaGue, Inc., to the State of Vermont of April 15, 1959. The decree further declared the plaintiff has no rightful claim for damages against the State of Vermont or its highway board and awarded costs to the defendant. The plaintiff appeals on the principal contention that the facts reported by the chancellor do not support the decree.

■ At the time the condemnation proceedings were started against the plaintiff's predecessor in title, the plaintiff had no interest in the land condemned. He was not entitled to formal notice of the proceedings since he had no interest in the subject matter of the action. He acquired none by the subsequent option agreement of April 25, 1958.

■ Until the plaintiff, as optionee, acted upon the owner's offer to sell according to the terms and conditions specified in his agreement with LaGue, Inc., he had no estate or title, legal or equitable, in the property which the State sought to condemn. *Durfee House Co.* v. *Great Atlantic & Pacific Tea Co.*, 100 Vt. 204, 207–208, 136 A. 379. See also *Buchannon* v. *Billings*, 127 Vt. 69, 74, 238 A.2d 638. And the plaintiff's subsequent election to acquire, on December 23,

1958, the four lots in question, under the option agreement, could not cut off the intervening right of the State under its power of eminent domain. Such is the law, for in this jurisdiction a timely election under the option and payment of the purchase price does not relate back to the date of the option. *Durfee House Co.* v. *Great Atlantic & Pacific Tea Co., supra,* 100 Vt. at 208, 136 A. 379.

The plaintiff's reliance on *Dutton* v. *Davis,* 103 Vt. 450, 452, 156 A. 531, is inappropriate to the facts at hand. In the *Dutton* case the Court dealt with the sale of standing timber and a license to cut and remove it from the freehold over a term of years. Although the deed of conveyance was defective, equity protected the equitable estate of the purchaser. Such is not the case at hand.

It appears from the record that by the time the plaintiff took his deed to other lands of LaGue, Inc., the defendant's right to proceed with the construction of Interstate 89, over the access area, had matured. According to the provisions of 19 V.S.A. § 230 in effect at that time, the taking was complete on December 19, 1958, subject only to payment of compensation to the condemnee. The later deed from LaGue, Inc., to the defendant merely confirmed the State's title and concluded the condemnation proceedings. The State's acceptance of this conveyance did not alter the time of taking. And contrary to the plaintiff's suggestion, the instrument did not change the State's position from that of condemnor to a private third party purchaser.

At best, the plaintiff lost only an opportunity for access which was not open to him until after condemnation had started. And his later deed from LaGue, Inc., after the access area had been appropriated, could not create a new interest in the condemned property. Neither could it obligate the government to compensate for more than the full value of the property at the time of taking. *Cornell-Andrews Smelting Co.* v. *Boston and Providence Railroad Corp.,* 209 Mass. 298, 95 N.E. 887, 890. See also *Children's Home* v. *State Highway Board,* 125 Vt. 93, 95, 211 A.2d 257; *City of Winooski* v. *State Highway Board,* 124 Vt. 496, 498, 207 A.2d 255.

It is noteworthy here that, at the time of taking, the plaintiff had no right of access over the condemned area, for

his option from the condemnee had not been exercised. The State is not liable to compensate for inchoate rights of access over property which it has condemned before the easements could be established.

*Declaratory decree for the defendant, with costs assessed against the plaintiff, is affirmed.*