### John C. Harden and Margaret D. Harden v. Vermont Department of Taxes

[352 A.2d 685]

No. 137-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 3, 1976

*William P. Neylon* of *Swainbank, Gensburg & Morrissette,* St. Johnsbury, for Plaintiffs.

*M. Jerome Diamond,* Attorney General and *Richard Johnston King* and *Georgiana O. Miranda,* Assistant Attorneys General, Montpelier, for Defendant.

**Billings, J.** At issue in this cause is whether a grant of an option for the purchase of land, as distinguished from a transfer of an option or the exercise thereof, is subject to the tax on gains for the sale or exchange of land. 32 V.S.A. § 10001 et seq. The Commissioner of Taxes determined that the taxable event was the exercise or the transfer of the option, and not the grant. The Washington Superior Court reversed the determination of the Commissioner, and the Commissioner of Taxes now appeals.

The particular issue in this case, in view of the dates here involved, may never arise again. On April 20, 1973, plaintiffs granted to the State of Vermont two options to purchase land in the Town of Barnet. The consideration for each option was one dollar. This transaction took place prior to the effective date of the land gains tax on May 1, 1973. On August 4, 1973, the State of Vermont exercised its options and plaintiffs were consequently taxed on the gains realized. The plaintiffs claim the taxable event is the granting of the option, so the gain is exempt, 32 V.S.A. § 10004(a), since it occurred before the effective date of the land gains tax.

█ █ The fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature. This rule was clearly enunciated by this Court in *Billings* v. *Billings*, 114 Vt. 512, 514, 49 A.2d 179 (1946), as follows:

> The true rule for the construction of statutes is to look to the whole and every part of the statute, and the apparent intention derived from the whole, to the subject matter, to the effects and consequences, and to the reason and spirit of the law, and thus ascertain the true meaning of the legislature, though the meaning so ascertained conflicts with the literal sense of the words.

And, it is always presumed that no unjust or unreasonable result was intended by the Legislature and a statute is construed to carry out the legislative intent, even if such construction may seem contrary to the letter of the statute. *In re Preseault*, 130 Vt. 343, 292 A.2d 832 (1972).

32 V.S.A. § 10004(a) states as follows:

> (a) As used in this chapter "sale or exchange of land" shall mean any transfer of title to land for a consideration. As used in this chapter "transfer" and "title" shall have the same meaning as "transfer" and "title to property" as used in section 9601 of this title, except as modified or enlarged by explicit provisions of this chapter and as limited herein to land. The transfer of an option for the sale or exchange of land shall be considered a transfer of title to land for the purposes of this chapter.

"Transfer" is defined in 32 V.S.A. § 9601(5) as follows: "Transfer" includes a grant . . . or any other means of transferring title to property. . . .

A grant of an option is merely an undertaking by a seller to hold open a specific offer to sell for a stated period of time and leaves to the discretion of the other party to exercise the option and obtain title to the property. *Krupinsky* v. *Birsky*, 129 Vt. 400, 278 A.2d 757 (1971). Until such time as the optionee acts upon the offer, he obtains no title or estate, legal or equitable, in the optioned property. *LaGue* v. *Vermont Highway Board*, 128 Vt. 212, 214–15, 260 A.2d 387 (1969).

It is clear from the reading of the statutes here involved that the taxable events are when an owner transfers title to property or vests title to property in another person and when an existing option is transferred to a third party by the optionee. The decision by the lower court is based on a strained and erroneous interpretation of the specific terms of the tax statute by extracting the word "grant" from 32 V.S.A. § 9601(5) and substituting that word for "transfer of title" in 32 V.S.A. § 10004(a). The original grant of an option is not a transfer of an option vesting title, 32 V.S.A. § 10004(a). As a consequence, plaintiffs were subject to assessment under the land gains tax at the time the State of Vermont exercised its options and obtained title.

*Reversed, and the Commissioner of Taxes' determination of tax assessment is reinstated.*