**Robert L. K. Weenolsen and Hebe Ottway-Ward Weenolsen v. Lawrence L. Kamber, Trustee of the Lawrence L. Kamber Trust**

[409 A.2d 577]

No. 177-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Clarke A. Gravel* and *Robert B. Hemley* of *Gravel, Shea & Wright, Ltd.*, Burlington, for Plaintiffs.

*Paul D. Jarvis* of *Blum Associates, Inc.*, Burlington, for Defendant.

**Per Curiam.** Plaintiffs, owners of a one-half interest in commercial property on Church Street in Burlington, brought an action for partition under 12 V.S.A. § 5161 et seq. against defendant, owner of the other half. The parties stipulated the need for partition and the appointment of commissioners, which was duly ordered. Each party indicated a desire to purchase upon the terms approved as equitable by the commis-

sioners, but the trial court directed a sale under 12 V.S.A. § 5175, with each party authorized to bid. By agreement, interlocutory appeal was authorized, and the following question certified under V.R.A.P. 5(a) for review:

> In the event that more than one owner of property subject to an action for partition desires to acquire the entire interest on terms established as equitable by duly-appointed Commissioners, does the Superior Court have authority to determine and order the assignment of the property to one of the parties or should the property be sold in accordance with 12 V.S.A. § 5175?

This question was answered in *Billings* v. *Billings,* 114 Vt. 512, 49 A.2d 179 (1946), upon which the trial court relied. The majority opinion in that case held partition to be equitable in nature, and interpreted what are now 12 V.S.A. §§ 5174 and 5175 to require public sale, with appropriate division of net proceeds, as the only feasible alternative where each party seeks to acquire the interest of the other.

We are asked by the plaintiff-appellants to reconsider and overrule *Billings,* which has stood for over thirty years without legislative change. No compelling basis or reason appears for doing so. If *Billings* was not correct, the legislature has had ample time to act. *In re Dixon,* 123 Vt. 111, 115, 183 A.2d 522, 524 (1962). It has amended other sections of the chapter dealing with partition, but not the ones here involved, a fact making stare decisis particularly applicable. *South Burlington School District* v. *Goodrich,* 135 Vt. 601, 605, 382 A.2d 220, 222 (1977). The ruling of the trial court was correct. Sale under 12 V.S.A. § 5175 is the indicated remedy.

*The first part of the certified question is answered in the negative, the second part in the affirmative, and the cause is remanded.*