550 S.E.2d 62

STATE of West Virginia ex rel. Harlan R. BOWSER and Barbara A. Bowser, Defendants Below, Petitioners,

v.

Honorable George W. HILL, Judge of the Circuit Court of Wood County, and Joseph M. Brown, Special Commissioner Respondents,

and

Jack L. Berry, Plaintiff Below, Respondent.

No. 29082.

Supreme Court of Appeals of West Virginia.

Submitted April 3, 2001.

Decided April 30, 2001.

Ira M. Haught, Harrisville, for the Petitioners.

Joseph M. Brown, Parkersburg, for Respondents Berry and Brown.

PER CURIAM.

This proceeding involves a writ of prohibition under the original jurisdiction of the Court.[1] The case was filed by Harlan R. Bowser and Barbara A. Bowser, petitioners/defendants below (hereinafter referred to as "the Bowsers").[2] The Bowsers seek to prohibit enforcement of an order entered by the Honorable George W. Hill, respondent, Judge of the Circuit Court of Wood County, requiring the public sale of property owned by the Bowsers and Mr. Jack L. Berry, respondent/plaintiff below (hereinafter referred to as "Mr. Berry").[3] Based upon the parties' arguments in this proceeding and the pertinent authorities, the writ is denied.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This case involves 445.68 acres of farmland situate in Wood County, West Virginia. The Bowsers have a one-ninth ownership interest in the property. Mr. Berry owns the remaining ⅞ interest.[4] The Bowsers have a dwelling on the property that they rent to one of their employees.

On December 3, 1998, Mr. Berry filed an action seeking to have all of the property sold at public auction, asserting that the property was not subject to equitable partition and further claiming that the Bowsers would not sell their interest to him. The Bowsers answered the complaint and filed a counterclaim seeking to have the land equitably partitioned.

The circuit court appointed three special land commissioners to determine whether the property could be equitably partitioned. The land commissioners issued a report indicating how the property could be equitably partitioned and valuing the property at $358,000.00. The Bowsers objected to the report claiming that the partition was not equitable and proposed selling the property at public auction. Mr. Berry accepted the partition plan and offered to purchase the Bowsers' interest, but the Bowsers rejected Mr. Berry's offer.

The Bowsers subsequently demanded that the property be allotted to them at the value fixed by the land commissioners. However, the circuit court found that allotting the property to the Bowsers would be prejudicial to Mr. Berry. Therefore, the circuit court entered an order directing that the property be sold at public auction on February 15, 2001. As a result of the circuit court's ruling, the Bowsers filed this prohibition proceeding seeking to stop the sale.

## II.

### STANDARD FOR ISSUING WRIT

A writ of "[p]rohibition lies only to restrain inferior courts from proceedings in causes over which they have no jurisdiction,

---

1. A writ of mandamus was also sought in this matter. However, that writ was refused.

2. The Bowsers are husband and wife.

3. Also named as a respondent in this case was Mr. Joseph M. Brown, a special commissioner appointed in the case. Mr. Brown is counsel for Mr. Berry.

4. All of the property was formerly owned by Dora E. Cale. Mrs. Cale died in 1988 and devised the property equally to her nine children. Eight of the children sold their interest in the property to Mr. Berry. The ninth child's interest was conveyed to the child's daughter, Mrs. Bowser.

or, in which, having jurisdiction, they are exceeding their legitimate powers, and may not be used as a substitute for [a petition for appeal] or certiorari." Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). In order to determine whether the writ of prohibition should be granted we apply the following standard of review:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

**5.** The statute provides in relevant part:
When partition cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest therein may entitle him or them to; or in any case in which partition cannot be conveniently made, if the interests of one or more of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject ... and the interest of the other person or persons so entitled will not be prejudiced thereby, the court ... may order such sale ... and make distribution of the proceeds of sale, according to the respective rights of those entitled[.]
W. Va.Code § 37–4–3 (1957) (Repl.Vol.1997).

**6.** *Corrothers* was decided under a different version of W. Va.Code § 37–4–3. However, under the current version of the statute, a trial court

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

## III.

## DISCUSSION

■ The Bowsers contend that the circuit court is without authority to order the sale of the property because W. Va.Code § 37–4–3 (1957) (Repl.Vol.1997) permits all of the property to be allotted to them.[5] This Court recognized in Syllabus point 2 of *Smith v. Smith*, 180 W.Va. 203, 376 S.E.2d 97 (1988), that

> [u]nder W. Va.Code, 37–4–3, when partition in kind "cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest may entitle him or them to...."

However, we also noted in *Corrothers v. Jolliffe*, 32 W.Va. 562, 564, 9 S.E. 889, 890 (1889), that under W. Va.Code § 37–4–3,[6] when partition in kind cannot be conveniently made, the court may do either of two things: [f]irst, it may allot the entire subject to a party who will accept it; or, second, it may order the whole subject to be sold; but whether the court should in any particular case adopt one or the other of these modes of proceeding must depend upon the circumstances of the case.[7]

(Internal quotations omitted).

■ In reviewing the circuit court's order in this case, we have found that both

still retains the discretion to order allotment or sale of land as was permitted under the statute construed in *Corrothers. See Smith v. Smith*, 180 W.Va. 203, 209, 376 S.E.2d 97, 103 (1988) ("On remand, the circuit court has, in effect, two options: first, to maintain the allotment procedure ...; or, second, to abandon the allotment procedure and proceed with a judicial sale.").

**7.** Likewise, in Syllabus point 3 of *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978), we held:
By virtue of W. Va.Code, 37–4–3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale.

**530**

parties expressly agreed to the proposed sale. The circuit court's order stated:

> Though each party is entitled to a partition in kind, the Defendants expressly waived that right and requested the property be sold at public sale. The Plaintiff also expressly waived the right of partition in kind and requested this Court to sell the entirety of the property at public sale.

The order acknowledged that the Bowsers subsequently recanted their approval of the sale. However, the circuit court found that each party had waived its right to allotment of the property.[8]

 This Court specifically held in *Smith* that it requires more than a mere offer by one of the parties to buy out the other:

> If, however, only one of the parties is willing to have the whole allotted to him, and the other parties are unwilling to take for their interests what such party is willing to pay therefor, then the court may either refer the matter to a commissioner to ascertain the fair value to be paid for said interests, or order the whole subject to be sold, as the one or the other course may seem to the court to be the most advisable, and promotive of the interests of all the parties in interest.[9]

*Smith*, 180 W.Va. at 207–08, 376 S.E.2d at 101–02, quoting *Corrothers*, 32 W.Va. at 565, 9 S.E. at 890 (footnote added). The decision in *Smith* specifically recognizes that a trial court may order a public sale when a party objects to an allotment. Mr. Berry clearly established his unwillingness to have the property allotted to the Bowsers. Because of a lack of consensus on allotment, we find no basis to disturb the trial court's exercise of discretion in ordering the public sale of the property.

**8.** The Bowsers complain that they were not afforded a hearing on their objection to the special commissioners' report. This issue is without merit. In fact, the Bowsers stated their objections to the report and agreed to a public sale.

Furthermore, the Bowsers also complain that they were not given notice by the special commissioners of the date and time that they would survey the land for partitioning. This Court held in Syllabus point 1 of *Wamsley v. Mill Creek Coal & Lumber Co.*, 56 W.Va. 296, 49 S.E. 141 (1904), that such notice, while not required by statute,

## IV.

## CONCLUSION

The writ of prohibition is denied, and the case is dismissed.

Writ Denied.

*Justice ALBRIGHT concurs.*

should be given. While we find it was error for the special commissioners to fail to provide such notice to the Bowsers, in view of the Bowsers' initial rejection of partitioning and their desire to actually have all the property allotted to them, we find the error to have been harmless.

**9.** Assuming, without deciding, that the Bowsers did not waive their right to allotment, they had only a qualified right, not an absolute right, to allotment.