Filed 03/14/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-03925

| Suzanne Bushee v. Ashley Bushee |
|---|

## FINDINGS AND ORDER

This is a civil partition action brought by Plaintiff Suzanne Bushee against her daughter, Defendant Ashley Bushee, pursuant to 12 V.S.A. § 5161. Plaintiff seeks partition of real property located at 86 Buck Hill Road in Shaftsbury, Vermont. The parties own the parcel jointly as tenants in common. The court held a hearing on March 13, 2025 on the preliminary issue of whether the parcel could be partitioned. Both parties appeared and agreed the parcel was able to be partitioned and the court granted judgment for partition on the record. Both parties agreed to waive the use of commissioners pursuant to 12 V.S.A. § 5169(b). The parties agreed the court could use the remaining hearing time on March 13, 2025 to take evidence on the remaining matters.

### Findings of Fact

The court makes the following findings of fact by a preponderance of the evidence. Plaintiff is the mother of Defendant. On January 27, 2023, the parties bought real property located at 86 Buck Hill Road in Shaftsbury, Vermont as joint tenants in common from Jason Elmer. Ex. 4. In order to purchase the property, the parties took out a mortgage in the amount of $198,340. Ex. 5, 6. The mortgage and promissory note is held by Amerisave Mortgage Corporation. *Id.* The Plaintiff contributed $15,000 that she acquired from a trust for a downpayment on the purchase price of the property. The parties were obligated to pay Amerisave $1,221.21 a month pursuant to the terms of the promissory note. Ex. 5. In addition, the parties chose to have their homeowner's insurance and property taxes escrowed with Amerisave, making their monthly payment $1,800. The property was sold as a single-family home and is zoned for a single-family home.

The property is an old farmhouse built in 1856 located on .69 acres. The farmhouse has five bedrooms and two bathrooms. A previous owner had divided the farmhouse into two units. Each unit has a separate entryway and is serviced by separate heating and electrical systems. The only utilities shared by the two units are water and sewer. The parties' plan for the property was that the Plaintiff would reside in one of the units with her son and the Defendant would reside in the other unit with her two children.[1] It is unclear what the exact plan for the children was, but it appeared the parties expected the children would be able to go back and forth between the two units.

Defendant moved into her unit in February 2023 with her boyfriend. Defendant improved her unit through spackling, sanding, and painting. In addition, Defendant installed a new toilet, a vanity, and a

---

[1] Plaintiff has legal custody of Defendant's two children.

ceiling fan in her bathroom. Defendant spent approximately $3,900 on improving her unit. Plaintiff moved into her unit in March 2023. Plaintiff improved her unit by installing new flooring, new fixtures in the bathroom, and new cabinets. Plaintiff spent approximately $5,000 improving her unit.

The parties split the cost of the property evenly, each paying half of the mortgage payment and water and sewer bill. The parties' other utility bills were kept and paid separately.

There was friction between parties from the time the property was purchased, despite the fact they had lived together at a prior property for approximately five years. Plaintiff did not approve of Defendant's boyfriend and Defendant felt her privacy was violated whenever the Defendant came into her unit, or sent someone into her unit, without the Defendant's express permission. In March 2023, the Plaintiff caused an opening to be made between the two units on the first floor. Plaintiff put in a door with a lock that allowed her to lock the door from her side, but did not allow the Defendant to lock the door from her side. The parties had previously discussed doing something like this but had never reached an agreement to do so. The Defendant was surprised when she came home to the opening in the wall. There was further friction between the parties over $11,000 that had come from a prior renter's insurance claim by the Defendant.

The friction came to a head when the Plaintiff obtained a court order in November 2023 that prevented Defendant's boyfriend from being on the property. The Defendant left with her boyfriend when he was ordered to leave the property. After that incident, the Defendant stopped paying her half of the mortgage. The Plaintiff also stopped paying her half of the mortgage at the same time. These decisions resulted in a default on the mortgage and an initiation of foreclosure proceedings by Amerisave. *See* 24-CV-03903. The assessed value of the property is $191,8000. Ex. 2.

Plaintiff requests the property be assigned to her pursuant to 12 V.S.A. § 5174. Defendant does not want the property, however, she does not want to relinquish her ownership interest but still be financially liable on the mortgage. Defendant testified that if the court assigned the property to Plaintiff, she was not seeking any monetary compensation. She testified she did not owe the Plaintiff any money and the Plaintiff did not owe her any money.

### Analysis

This is an action for partition filed by the Plaintiff. Pursuant to 12 V.S.A. § 5161, "[a] person having or holding real estate with others, as joint tenants, tenants in common, or coparceners, may have partition thereof." The parties are joint tenants in common and have agreed the property is able to be partitioned. The court therefore reiterates in this order what it did orally on the record and renders judgment for partition. Plaintiff is entitled to judgment for partition.

Although property may physically and legally be divided through partition in kind:

> When it appears that the real estate, or a portion thereof, cannot be divided without great inconvenience to the parties interested, the court may order it assigned to one of the parties, provided he or she pays to the other party such sum of money, at such times and in such manner as the commissioners judge equitable.

12 V.S.A. § 5174. Partition in kind is favored over assignment of the property to one party. *Wells v. Spera,* 2023 VT 18, ¶ 15. "[T]he test used to determine if division is possible is whether it would materially decrease the property's value…" *Id.* Put in other terms, the test is whether "the aggregate value of the

several parts when held by different persons in severalty will be materially less than the whole value of the property if owned by one person." *Id.* (quoting *Billings v. Billings,* 114 Vt. 70, 74 (1944)). In this case, the uncontested testimony was the property was zoned as a single-family home. Whether prior owners split the property into two separate units in violation of any zoning regulations is not relevant for the court in this action as the only evidence before the court is that the property is currently only zoned for a single-family home. The property is only .69 acres and shares a single waterline between the two units. Under these circumstances, the court cannot see how the property could be partitioned in kind. There was no direct evidence of what the value of the property would be if the court were to split the parcel in kind. However, under the facts before the court, the property the property could not be divided under the current zoning regulations. As such, if the court were to divide the property, the value of the two divided lots would be $0 as they could not be resold. A division of the property would materially decrease its value and it cannot therefore be partitioned in kind.

The property is thus assigned to Plaintiff. The Plaintiff is requesting assignment and the Defendant does not want the property. The Defendant is not requesting any monetary compensation, thus none is ordered.

<u>Order</u>

The property located at 86 Buck Hill Road in Shaftsbury, Vermont is assigned to Plaintiff. A separate judgment order will issue.

Electronically signed on March 14, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge