## In Re Estate of Lucius D. Taft.

May Term, 1946.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 1, 1946.

*Fred E. Gleason* for the petitioners.

*Hunt & Hunt* for the estate.

Sherburne, J. Lucius D. Taft, late of Montpelier, died on January 20, 1936, leaving a will and codicil thereto, which have been duly allowed. Items 2, 3, 4 and 5 of the will, which is dated August 26, 1931, are as follows:

> "2. I give and bequeath to my sister Edna M. Gay the sum of thirty-five thousand dollars.

> "3. I give and bequeath to my niece Eleanor Gay Leonard the sum of twenty thousand dollars.

> "4. I give and bequeath to my nephew Albert D. Gay the sum of twenty thousand dollars.

> "5. The foregoing bequests are to be paid in four annual installments of equal amounts the first install-

ment to be paid in one year after the probate of my will and the other installments to draw interest to be paid annually at the rate of five per cent per annum."

The codicil, dated December 24, 1932, provides:

"Whereas on account of so much of my estate being invested in the firm of E. W. Bailey and Company and on account of the impossibility of being able to collect in a satisfactory way at this time on notes and accounts due said firm and also on account of the probable depreciation in the value of the mills it is impossible for me at this time to give an accurate estimate of my estate and I desire to make adequate provision for my wife, Mary Ellis Taft, I hereby alter, modify and change my will made August 26, 1931, as follows:

"FIRST; In the event that my wife Mary Ellis Taft survive me I give and bequeath to her the sum of three hundred thousand dollars and this bequest shall take precedence over all other items of my said will after Item 1 which provides for the payment of debts and funeral expenses.

"SECOND: After the payment of said three hundred thousand dollars should there remain enough estate to pay one-half or more of Items 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, 15, and 16 calling for payments of one hundred fifteen thousand dollars then I direct that such balance be first used to pay pro rata said items totalling one hundred fifteen thousand dollars; should there remain after the payment of said three hundred thousand dollars less than enough to pay one-half of said legacies amounting to one hundred fifteen thousand dollars then I give and bequeath to said Mary Ellis Taft such rest, residue and remainder and request her to make such provision in her will for carrying out the said items aggregating one hundred fifteen thousand dollars as her circumstances may permit.

"And I do hereby ratify and confirm my said will in everything except where the same is hereby revoked and altered as aforesaid."

Arthur G. Eaton and Mary Ellis Taft, the widow, were named executors, and were duly commissioned on February 21, 1936, and acted as such until the death of Mrs. Taft on August 11, 1944, since which date Eaton has acted, and is now acting, as surviving executor. Payments aggregating $369,000.00, less the direct inheritance tax paid to the State, have been made to the widow or to her estate, of which only $50,000.00 was paid prior to August 25, 1939, and $75,000.00 prior to July 31, 1940. The last payment, one of $167,000.00, was made on July 23, 1945, pursuant to an order of the probate court. On September 7, 1939, Eaton with the approval and consent of the widow paid to the legatees named in the foregoing items 2, 3, and 4 one-third of the principal of their bequests, and on August 14, 1940, with the like approval and consent, Eaton paid them the remaining two-thirds, less inheritance taxes. On June 24, 1946, these legatees filed in the probate court a petition, claiming that they were entitled to interest upon their respective bequests, and asking that the surviving executor be ordered to pay same. The executors of the last will and testament of Mrs. Taft filed an answer. Hearing was had, findings of fact were made, and a decretal order was entered dismissing the petition. The petitioners and such executors have both excepted.

In addition to the matters above set forth about the will, codicil and payments, the findings, among other things, show that Mrs. Taft before the first payment to the petitioners gave her consent and approval in the following words.

"WHEREAS, by the codicil to the Last Will and Testament of my late husband, L. D. Taft, there was bequeathed to me the sum of $300,000.00 to take precedence over all other items of said Will, and

"WHEREAS, in said Will my said husband made bequests under items 2, 3, 4, 6, 7, 8, 9, 10, 13, 14, 15, and 16 aggregating $115,000.00 to certain relatives and close personal friends and I believe a partial distribution to the beneficiaries under said items at this time is desirable, and

"WHEREAS, I have received assurance from the surviving partner of my said husband that a partial distribution of $38,333.33 to said beneficiaries would not, on the liquidation of my said husband's interest in the late partnership of E. W. Bailey & Company, prejudice the payment to me of the full amount provided for me in said Will.

"NOW, THEREFORE, in consideration of the premises I do hereby approve the distribution of said sum to the beneficiaries named in the items above numbered and consent that such distribution be made as soon as may be. This approval is given, however, with the express understanding and upon the express condition that the relinquishment of precedence of the said bequest to me, in favor of the said numbered bequests to the extent herein named, shall in no way nor to any degree prejudice or affect said precedence, or right thereto, otherwise than as herein particularly provided.

"Dated at Montpelier this 25th day of August, A. D. 1939.

                                        Mary E. Taft"

Before the second payment Mrs. Taft gave her consent and approval in the following words, omitting the first two paragraphs, which are identical with the first two paragraphs in the first authorization:

"WHEREAS, on or about the 25th day of August, A. D. 1939, I consented to a partial distribution to said beneficiaries in the sum of $38,333.33 in consideration of the premises and with the express understanding and upon the express condition that the relinquishment of precedence of said bequest to me, in favor of said numbered bequests to the extent and in the sum above specified should in no way nor to any degree prejudice or affect said precedence, or right thereto, otherwise than as particularly provided in the written consent signed by me, and,

"WHEREAS, I have received assurance from the surviving partner of my said husband that a further distribution of $76,666.67 being the balance of the bequests under the items above numbered will not, on the liquidation of my said husband's interest in the late partnership of E. W. Bailey & Company, prejudice the payment to me of the full amount provided for me in said will.

"NOW, THEREFORE, in consideration of the premises I do hereby approve the distribution of said sum of said balance or any part thereof prorata to the beneficiaries named in the items above numbered and consent that such distribution be made as soon as may be. This approval is given, however, as was that to the previous partial distribution, with the express understanding and upon the express condition that the relinquishment of precedence of the said bequest to me first hereinabove mentioned, in favor of the said numbered bequests, shall in no way nor to any degree prejudice or affect said precedence or right thereto, otherwise than as herein particularly provided.

"Dated at Montpelier this 31st day of July, A. D. 1940.

Mary E. Taft"

Findings 26, 27 and 28 read as follows:

"26. That Mary Ellis Taft, widow, in the transactions of 1939 and 1940, whereby she subordinated the precedence of her legacy to the legacies of the petitioners, did not intend to nor did she subordinate her right to interest on her $300,000 legacy to the right to interest on the legacies of the petitioners and that by her consent to and approval of the payment of $75,000.00 to the petitioners she did not in any way nor to any degree prejudice or affect the precedence of her legacy or interest thereon.

510

"27. That the legacy of $300,000.00 to the said Mary Ellis Taft carries with it annual interest at the rate of 6% one year from the date of death of the testator, and that there has been paid to the executors of her estate the sum of $69,000.00 over and above the principal of $300,000.00, which I find should be applied as a partial payment of the interest on said legacy. That there is as of this day, July 9, 1946, a balance of unpaid interest on her legacy, which has precedence over any further payments to the petitioners.

"28. That the petitioners' legacies amounting to $75,000.00 and paid to them as hereinbefore found carry annual interest at the rate of 5% one year from the date of probate of the testator's will and that there is as of this day, July 9, 1946, unpaid interest on said legacies subject to the precedence of the legacy and interest thereon of the said Mary Ellis Taft, widow."

Petitioners excepted to findings 26 and 27, and to the last part of finding 28, and excepted to the failure to find as requested that "from said codicil it is apparent that $300,000 was the only provision said testator intended to make or did make for said widow," that "The status of the bequest to the widow, at all times after her authorizations of payment of the bequests to the petitioners, had, and has now, no materiality, force or effect on the question of the right of the petitioners to interest on said bequests as provided in the will of the testator," and that "the right of the petitioners to interest on said bequests as provided in the will of the testator is not affected by the status of the bequest to the widow at any time after her authorizations of payment of the bequests of which those to the petitioners were a part, as it appears from such authorizations that the concern of the widow was to make sure that she would receive the $300,000 bequeathed to her under the will; and the evidence, documentary and verbal, shows that she received an amount exceeding that named for her in the will by $69,000."

■ Pecuniary legacies draw interest after one year from the death of the testator, unless the will provides otherwise. *In re Woodward's Estate,* 78 Vt 254, 259, 62 A 718, 6 Ann Cas 524. This rule applies here to the bequest to the widow, unless by her authorizations Mrs. Taft waived interest. Nowhere in petitioners' brief do we find any claim to the contrary. It is clear that the testator intended that Mrs. Taft should receive the full $300,000.00 before anything should go to the other legatees. Without interest the value of the bequest would be lessened by the delay in realizing upon the assets in the estate. Consequently interest was a part of her bequest.

Since the two authorizations were conditioned that the relinquishment of precedence of the bequest to Mrs. Taft, for the purpose of paying the principal of the other bequests, should in no way nor to any degree prejudice or affect said precedence otherwise, we cannot see that there was any waiver of interest, except to the extent that there might be insufficient assets left in the estate to pay it. The foregoing exceptions are not sustained. It should be noted that neither the exceptions nor the petitioners' brief question the use of the term "annual interest" rather than the term "simple interest" in finding 27. See *Catlin* v. *Lyman & Marsh,* 16 Vt 44, for the distinction.

■ Finding 27 shows that the extra $69,000.00 paid to the estate of Mrs. Taft should be applied toward the interest upon her bequest, and that there is a balance of unpaid interest due thereon, which has precedence over any further payments to the petitioners. The burden of proof was upon the petitioners to show that there were assets remaining in the estate from which interest upon their legacies could be paid. Neither the petition nor the findings show that there are any undistributed assets. Even if we infer from the fact that Eaton is still acting as surviving executor that there are some undistributed assets, still, since the petition was dismissed, it is apparent that such assets amount to no more than enough to pay the balance of unpaid interest due upon Mrs. Taft's bequest, because every reasonable intendment is to be made in support of the decree. *Manchester* v. *Townshend,* 110 Vt 136, 144, 2 A2d 207; *Cleveland* v. *Rand,* 90 Vt 223, 229, 97 A 989; *Kelly* v. *Seward,* 51 Vt 436.

■ The petitioners have briefed certain exceptions to the

admission of evidence, and other exceptions to the findings and to the failure to find as requested. These exceptions all relate to immaterial matters, or in the cases of the requests to find matters which sufficiently appear in the findings as made. Immateriality of evidence alone is not sufficient to cause a reversal where there is no affirmative showing of prejudice. *Bloomstrand* v. *Stevens,* 104 Vt 1, 3, 156 A 414; *Fletcher* v. *Wakefield,* 75 Vt 257, 263, 54 A 1012. The evidence excepted to was not of a character likely to prejudice the petitioners in the decision of the material issues. Nor are the petitioners prejudiced by the immaterial findings, since they can be disregarded without affecting the result of the material findings. Exceptions to immaterial findings are not for consideration. *Turner* v. *Bragg,* 113 Vt 393, 398, 35 A2d 356, and cases cited.

It is unnecessary to discuss the exceptions saved by the executors of Mrs. Taft's estate.

*Decree affirmed, to be certified to the Probate Court.*