## Mary L. Mangan, Adm'x, Estate of James E. Mangan

### *v.* Bernard J. Smith, Jr.

(56 A2d 476)

Special Term at Rutland, November, 1947.

Present: Moulton, C. J., Buttles, Sturtevant and Jeffords, JJ., and Cleary, Supr. J.

Opinion filed January 6, 1948.

*Philip M. M. Phelps* for the defendant.

*Asa S. Bloomer* for the plaintiff.

MOULTON, C. J.   The plaintiff's intestate was struck and fatally injured by an automobile operated by the defendant and this action has been brought to recover damages for the pecuniary injury thereby resulting to the next of kin of the deceased, in accordance with the provisions of P. L. 2860.   After a trial by jury the verdict was for the plaintiff and the cause is here on the defendant's exceptions.

At the close of the evidence the defendant moved for a directed · verdict in his favor.   The motion was overruled subject to his exception, and this exception presents the first question for our determination.   The defendant admits that there was evidence from which the jury were justified in finding negligence on his part, but contends that it conclusively appears that the intestate's own negligence was a contributing cause of his death.

Taken in the light most favorable for the plaintiff the evidence tended to show these facts: On the night of April 28, 1946, the intestate and three other young men set out from Fair Haven, Vermont, to go to Hampton, New York, in an automobile driven by one of them, named James Creed.   Shortly before they reached the State line, the left front tire blew out and the car swerved to the left side of the road before it could be brought to a stop.   It came to rest with its right hand wheels standing a distance of two feet on the paved surface, and three of the occupants proceeded to change the tire.   The headlights were left on and were bright.   While his companions were engaged with the repairs the intestate stood in front of the car, six or seven feet from it and slightly to the left, with a flash light, signalling to approaching traffic and directing it

252

in passing the disabled car. He had already warned several automobiles and guided their passage when the defendant's automobile, coming from the opposite direction, did not turn aside but struck him and collided with the car behind him.

The basis of the claim that the intestate was contributorily negligent is that since he was the guest of Creed he was under no obligation to remain at the place, but could have walked on and reached his destination in about twenty minutes, and that he knew or should have known that he had placed himself in a dangerous position in standing in front of the car.

The question was for the jury to determine. The intestate cannot, as a matter of law, be said to have been lacking in due care. He was endeavoring to protect not only his companions but approaching motorists from injury to their persons and property, and was standing where he might well assume that he would be visible in the light shining behind him and that the movement of his flash light would also be seen and heeded. Neither can it be said as a matter of law that whatever the danger it was so obvious that he must be taken to have known and comprehended it and to have voluntarily assumed the risk. *Bouchard* v. *Sicard*, 113 Vt 429, 431, 35 A2d 439; *Waterlund* v. *Billings*, 112 Vt 256, 261, 23 A2d 540. The exception to the denial of the motion for a directed verdict is not sustained.

The only other exception briefed is one taken to the granting of the plaintiff's motion for a certified execution. The objection is that the defendant's conduct was not a "wilful and malicious act or neglect" within the meaning of the statute, P. L. 2195. This phrase is defined in *Healy's Admr.* v. *Moore*, 108 Vt 324, 350-1, 187 A 679. It is there held that it signifies a wrongful act done intentionally without just cause or excuse, and the malice contemplated is involved in the intentional doing of a wrongful act in disregard of what one knows to be his duty, to the injury of another; that an omission or neglect may be wilful and malicious, equally with an affirmative act; and that the absence of an intention to cause the injurious consequence resulting from an intentional act or omission does not make the case one in which the certificate cannot be granted.

No written findings of fact have been filed by the trial court, and so the question for us to determine is whether the evidence so clearly shows that the acts or omissions of the defendant

were not wilful and malicious that the granting of the certificate was, as a matter of law, unjustified. See *Healy, Admr.* v. *Moore, supra,* pp. 349-50, 108 Vt. There was testimony reasonably tending to show that the paved surface of the highway was eighteen feet wide, with a shoulder of two or three feet in width on each side. The road was fairly level and although there was a gradual curve the headlights of the Creed car were visible for a distance of two hundred yards. The defendant testified that the lights appeared to be those of an approaching automobile although he could not tell whether it was standing still or in motion; that his brakes were in good condition, and so were his lights, throwing a beam of about two hundred feet; that he was driving at a rate of thirty or thirty-five miles an hour; that he was blinded by the lights of the Creed car, and did not see the intestate or the gleam of the latter's flashlight; that he did not reduce his speed, but turned to his extreme right hand side of the road; that he did not know that there was another car directly in front of him until he collided with it, with, as other evidence tended to show, such force as to throw the intestate into the field to the left of the road, and to push the Creed car backwards for a distance of about twenty feet and partially into the ditch, three feet deep, beside the highway.

It was the duty of the defendant when blinded by the lights of the Creed car to reduce his speed and to proceed with his own vehicle under such control that he could stop immediately if necessary, or to stop until the situation became clear. *Taylor* v. *Quesnel,* 113 Vt 36, 37, 29 A2d 812; *Benway* v. *Hooper,* 110 Vt 497, 500, 8 A2d 658; *Powers* v. *Lackey,* 109 Vt 505, 507, 1 A2d 693; *Palmer* v. *Marceille,* 106 Vt 500, 508, 175 A 31; *Steele* v. *Fuller,* 104 Vt 303, 311, 158 A 666. Although he had the right to assume that no other automobile would be standing upon his own right side of the road he was not thereby absolved from the exercise of the duty that the law required of him. *Packard* v. *Quesnel,* 112 Vt 175, 180, 22 A2d 164; *Farrell* v. *Greene,* 110 Vt 87, 90, 2 A2d 194; *Mooney* v. *McCarthy,* 107 Vt 425, 430, 181 A 117; *Steele* v. *Fuller,* 104 Vt 303, 308, 158 A 666.

It is an inference fairly to be drawn from the evidence that if the defendant had pursued a prudent course, and, after he became aware of the lights ahead of him, had slackened speed and proceeded cautiously with his automobile under such control that he could have brought it to an immediate stop, he could have seen that

.the Creed car was on his side of the road, and he could have passed it with safety. That he was negligent in this respect, and that his negligence proximately caused the accident is established by the verdict. His admitted conduct in maintaining his speed under the circumstances confronting him was intentional and came within the statutory meaning of a wilful and malicious act. See *Healy, Admr.* v. *Moore,* 108 Vt 324, 351, 187 A 679. There was no error in the award of the certificate.

*Judgment affirmed.*