FRANCIS J. CONE *v.* LEOLA DROHAT.

(85 A2d 498)

November Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1952.

*Waldo C. Holden* for the plaintiff.

*F. Ray Paddock* for the defendant.

JEFFORDS, J. This is an action of tort for the conversion of attached property. There was a verdict for the plaintiff. After verdict the plaintiff moved for judgment and for a certified execution. The motion for judgment was granted and that for a certified execution was denied. The plaintiff excepted to the denial of the

latter motion and the only question here to be decided is whether the trial court erred in refusing to grant that motion.

On October 15, 1948, the plaintiff, chief of police of Bennington, served a writ on the defendant in an action of contract brought by the R. T. Platka Fuel Co., Inc., for coal sold to the defendant. The officer attached by copy as the property of the defendant, among other things, 300 tons of coal, more or less. A judgment was obtained in this action which was unsatisfied. An execution was issued and the plaintiff in June, 1950, went to the coal yard to levy it on the attached coal and found none there. The present action was then brought. The defense was, in substance, that at the time of the attachment there was in the coal yard only about 60 tons of good merchantable coal which was sold by the defendant under an agreement with the Platka company to reduce the amount of the judgment in the contract action and that the sum realized from such sale was paid over and that any balance of coal attached was worthless and was carted away to the dump with the permission of the attaching creditor. The only real issue therefore for the jury to determine in respect to liability was whether there was more than 60 tons of good coal in the yard at the time of the attachment. The plaintiff introduced evidence tending to show that there was. The jury found in favor of the plaintiff on this issue and that the defendant was liable as charged.

No written findings of fact were made and filed by the trial court but the transcript and exhibits were made a part of the bill of exceptions for consideration in connection with the exceptions taken so the question of law raised for our determination is whether the evidence so clearly showed that the defendant was guilty of a wilful and malicious act that the plaintiff was entitled to have his motion granted under V. S. 47, § 2246. *Mangan* v. *Smith,* 115 Vt 250, 252, 253, 56 A2d 476; *Benway* v. *Hooper,* 110 Vt 497, 498, 499, 8 A2d 658, and cases cited.

The phrase "wilful and malicious act or neglect" as used in the statute, supra, means a wrongful act done intentionally without just cause or excuse, and the malice contemplated is involved in the intentional doing of a wrongful act in disregard of what one knows to be his duty to the injury of another. *Judd* v. *Challoux,* 114 Vt 1, 4, 39 A2d 357, and cases cited.

Conversion, when applied to the law of trover, imports the doing of a positive unlawful act. *Booth* v. *N. Y. C. R. R. Co.,* 95

Vt 9, 15, 112 A 894; *Andrews* v. *Carl*, 77 Vt 172, 173, 174, 59 A 167. As we have seen, the defendant admitted, in effect, that if there was more than 60 tons of good coal in the yard at the time of the attachment the excess over this amount was sold by her and an employee of the defendant at her direction and for her accepted benefit. At least she did not deny that this was so. The only reasonable conclusion to be drawn from the evidence is that it was the fact of the matter. The verdict of the jury established that there was more coal there than claimed by the defendant and that she was liable for the conversion of the excess. It follows, as a matter of law, that the conversion, under the facts in the case, was the doing of an intentional wrongful act without just cause or excuse and thus a wilful and malicious act within the meaning of the statute.

 The lower court committed error in denying the plaintiff's motion and since final judgment is to be entered here, the certificate to which the plaintiff is entitled under the statute may be granted at this time. *Benway* v. *Hooper, supra; Healy, Admr.* v. *Moore*, 108 Vt 324, 351, 187 A 692.

*Judgment affirmed, and judgment that the cause of action arose from the wilful and malicious act of the defendant, and that she ought to be confined in close jail. Let a certified execution issue.*