JOAN MARIE GOULD, B.N.F. *v.* EDWARD C. TOWSLEE.

(94 A2d 416)

Special Term at Rutland, November, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed January 6, 1953.

454

*Vernon J. Loveland* and *Donald Hackel* for the plaintiff.

*Lawrence & O'Brien* for the defendant.

ADAMS, J. This is an action of tort to recover damages for personal injuries resulting from an automobile accident. Trial was by jury with verdict and judgment for the plaintiff. The case is here on exceptions of the plaintiff.

After verdict and before rendition of judgment, the plaintiff moved for judgment on the verdict and for a close jail execution. In support of the motion, she offered and asked the court to consider the evidence taken at the trial. A hearing was had on the motion and at that hearing the defendant introduced evidence by the testimony of a doctor. The court then made and filed findings of fact, as follows:

> "Upon consideration of the evidence introduced during the trial, and the consideration of the evidence introduced at the hearing on the motion for close jail execution, and arguments of counsel, the court finds:
>
> 1. That the cause of action arose from the wilful and malicious act of negligence on the part of the defendant.
>
> 2. That, in 1948, the defendant had a bad case of diabetes and a strangulated hernia; that, in the spring of 1951, the defendant was confined in the Rutland Hospital, and had at that time a rather severe case of diabetes and two large carbuncles on his back caused by diabetes; that he ran a high blood sugar count and persistent glycosuria; and that his diabetes was uncontrollable; that during the latter part of November, or the first part of December, the defendant had the

grippe; was in a weakened condition; his diabetes was out of control; and was running a four plus sugar content in his urine, and was in poor physical condition; that on February 1st, 1952, the defendant's physical condition was better, having gained about fifteen pounds in weight, but still had multiple pustules on his back and abdomen and had a four plus sugar content in his urine; that his diabetes was out of control and if he continued to run the high sugar content would go into a diabetic coma or other complications of diabetes.

3. That the diabetic condition of the defendant is a permanent one.

4. That the confinement of the defendant in the county jail, of Rutland County, would be detrimental to his health.

5. That the confinement of the defendant in the county jail, of Rutland County, would be dangerous, unless he was under constant medical attention.

6. That the defendant ought not to be confined in close jail.

The plaintiff excepted to findings 4 and 5 on the ground that the evidence did not support them and to finding 6 on the following ground:

"On the grounds that the evidence does not support

said finding; that said finding is an erroneous conclusion of law, not supported by the other findings or the evidence; that said court was without discretion to make such a finding, after having found that the cause of action arose from the wilful and malicious act of negligence on the part of the defendant; that said finding is an abuse of the court's discretion."

At the time of entering judgment on the verdict, the court filed the following adjudication:

"And now, at the time of rendering judgment in the above entitled action, founded on a tort, it is AD-JUDGED BY THE COURT that the cause of action

arose from the wilful and malicious act or neglect of the defendant, Edward C. Towslee, but that in accordance with the findings found, and filed on the 7th day of February, 1952, it is ADJUDGED BY THE COURT that the said defendant, Edward C. Towslee, ought not to be confined in close jail.

"Exceptions allowed the plaintiff on each and every ground stated in her exceptions to the findings of fact."

The plaintiff then filed exceptions as follows:

"Comes now * * * plaintiff * * *, and excepts to that part of the court's findings and adjudication, filed * * * at the time of rendering judgment in the above entitled action, wherein the court finds and adjudges:

'in accordance with the findings found and filed on the 7th day of February, 1952, it is ADJUDGED BY THE COURT that the said defendant, Edward C. Towslee, ought not to be confined in close jail.'

on the grounds that the evidence does not support such a finding and adjudication; that said finding and adjudication is an erroneous conclusion of law, not supported by the other findings or the evidence; that said court was without discretion to make such a finding and adjudication after having found that the cause of action arose from the wilful and malicious act or neglect of the defendant; that said finding and adjudication is an abuse of the court's discretion."

The record does not show that the plaintiff objected to the evidence introduced by the defendant upon which findings 4, 5 and 6 are based. Although, as we shall see later, the evidence was inadmissible and immaterial on the issue before the court, it was considered by the court.

In support of the further ground of her exception to finding 6 and of her exception to that part of the adjudication, "that the defendant ought not to be confined in close jail," the plaintiff claims, (1) That under V. S. 47, § 2246, the court, having found and ad-

judged that the cause of action arose from the wilful and malicious act or neglect of the defendant, it was without discretion to refuse to find and adjudge that the defendant ought to be confined in close jail and (2) That if the court had discretion to refuse to so find and adjudge, its refusal was an abuse of discretion.

V. S. 47, § 2246 is a part of Chapter 107, entitled IMPRISON-MENT FOR DEBT AND DISCHARGE THEREFROM." Certain other sections of the same chapter are pertinent to our discussion of and answers to the questions raised. We quote them in addition to quoting section 2246.

> Sec. 2243. "Except as hereinafter provided, every person imprisoned in jail on mesne process or execution on a judgment rendered in a civil cause, shall be admitted to the liberties of the jail yard, upon giving a bond with one or more sufficient sureties to the keeper of such jail, in such sum as such keeper directs and conditioned that he will not escape from such jail yard."

> Sec. 2246. "A person shall not be admitted to the liberties of the jail yard, who is committed on an execution rendered in an action founded on a tort, when the court, at the time of rendering such judgment, adjudges that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that the defendant ought to be confined in close jail, and a certificate thereof is stated in or upon such execution."

> Sec. 2249. "If it appears to the court that a defendant intentionally converted such money or other property to his use, or diverted or misapplied the same, or the use thereof, in an action for the recovery of money or property held in trust or in a fiduciary capacity, such court shall adjudge that the cause of action arose from the wilful and malicious act or neglect of such defendant and that he ought to be confined in close jail, and issue execution against his body, with a certificate thereon, stated in or upon such execution. Such execution, with such statement or indorsement, shall have the same effect as an execu-

tion with a like statement or indorsement issued in a judgment founded on a tort."

Sec. 2261. "Except in actions founded on a tort or for the recovery of money or property held in trust or in a fiduciary capacity, when the court adjudges at the time of rendering judgment that the cause of action arose from the wilful and malicious act or neglect of the defendant, and a minute thereof is made in or upon such execution by the authority issuing the same, a poor person imprisoned on an execution issued on a judgment in a civil action may be discharged from imprisonment on taking the poor debtor's oath."

Sec. 2278. "A person confined in jail on an execution issued on a judgment recovered in an action founded on a tort or for the recovery of money or property held in trust or in a fiduciary capacity, when it is certified in or upon the execution that the cause of action arose from the wilful and malicious act or neglect of the defendant and that he ought to be confined in close jail, may apply by petition to the county court in the county in which such person is confined, or to a superior judge, praying that the certificate in or endorsed upon the execution be vacated and that such person be admitted to the poor debtor's oath or to the liberties of the jail yard."

Section 2279 provides for notice on such petition and then says,

"Such court or judge shall hear the parties, consider the aggravation of the prisoner's case and the extent of his confinement, and determine when such prisoner shall be entitled to the privileges of the poor debtor's oath or the liberties of the jail yard, as if the execution on which he was committed had issued without any certificate thereon."

In the many cases that have been passed upon by this Court in which the provisions of section 2246, or prior statutes from which that section stemmed, have been involved, the precise questions raised here have not been passed upon. In prior cases, with the

exception of one which we shall have occasion to mention hereafter, this Court has considered only what has been questioned, namely: "that the cause of action arose from the wilful and malicious act or neglect of the defendant." No question is here made about that part of the finding or adjudication, so nothing is before us involving that question as a separate proposition.

■■ In the interpretation of statutes, the fundamental rule is to ascertain and give effect to the intention of the Legislature. The whole and every part of the enactment must be given attention as well as other statutes in *pari materia*. *In Re Estate of Rushford,* 111 Vt 494, 497, 18 A2d 175; *Lovejoy* v. *Morrison,* 116 Vt 453, 457, 78 A2d 679; *State* v. *Baldwin,* 109 Vt 143, 148, 194 A 372. It is a fundamental and well settled rule of construction, that the true meaning of the Legislature is to be ascertained, not from a literal sense of the words used, but from a consideration of the whole and every part of the statute, the subject matter, the effect and consequences and the reason and spirit of the law. *In re Fulham's Estate,* 96 Vt 308, 316-317, 119 A 433, and cases cited; *Lovejoy* v. *Morrison, supra,* p. 457-458; *Central Vt. Railway, Inc.* v. *Campbell,* 108 Vt 510, 524, 192 A 197, 111 ALR 175; *Billings* v. *Billings,* 114 Vt 512, 514, 49 A2d 179, 169 ALR 855.

■ It is always presumed in regard to a statute that no unjust or unreasonable result was intended by the Legislature. *Troy Conference Academy* v. *Town of Poultney,* 115 Vt 480, 489-490, 66 A2d 2, and cases cited. Among other aids that may be employed in determining the intention of the Legislature are consideration of the history of the statute's enactment and the trend of previous legislation. *In re Walker's Estate,* 112 Vt 148, 151-152, 22 A2d 183, and cases cited. Consideration may be given to other statutes relating to the same subject matter which may be construed with reference to each other as part of one system. *Billings* v. *Billings,* 114 Vt 70, 72, 39 A2d 748.

The early history of section 2246 is set forth in *Hollis* v. *Dempsey,* 116 Vt 316, 318-319, 75 A2d 662. But section 2261 also stems from the same act as section 2246, Chapter 15, section 1, page 10 of the Acts of 1823. It provided that persons imprisoned on a judgment recovered in certain tort actions and some others were entitled to the liberties of the jail yard and the poor debtor's oath was made available to them, "unless the court, * * * shall, * * *

adjudge that the cause of action accrued from the wilful, and malicious act, or neglect of such person * * *."

This act appears as R S (1839) Chap. 103, § 17 being what is now section 2246 and section 21 being what is now section 2261. By section 17 the liberties of the jail yard were made available except, "* * * when it shall have been adjudged by the court, * * *, that the cause of action arose from the wilful and malicious act or neglect of the defendant, *and the court, from a consideration of the facts, shall consider that the defendant ought to be confined in close jail, * * *."* It is significant that the words italicized were not incorporated into section 21 and it has remained without them until it is now section 2261. Prior to 1839 a person was prevented from being entitled to both the liberties of the jail yard and the poor debtor's oath with only one finding and adjudication (wilful and malicious act or neglect). After that it required the addition of the following to the certificate, "and the court, from a consideration of the facts, shall consider that the defendant ought to be confined in close jail," to prevent the defendant from being entitled to the liberties of the jail yard. This benefited the defendant and liberalized the law.

In the revision of 1880, section 17, after having become G. S., Chap. 121, § 23 without change, became R. L. 1502. In this revision the words, "the court from a consideration of the facts, shall consider," were omitted. From then, until it became § 2246 there has been no change. The rule is that changes in a revision of statutes will not be regarded as altering the law, which is well settled by plain language of the statutes, or by judicial construction, unless it is clear that such was the intention. *State* v. *Howard,* 108 Vt 137, 143, 183 A 497, and cases cited; *In Re Blake,* 107 Vt 18, 26, 175 A 252, and cases cited. We have had nothing called to our attention here that would indicate that the legislature intended to make any change in the meaning of the law by leaving out the words mentioned. It could well have been done for brevity and did not alter the meaning.

The object of the statute authorizing the close jail execution is two-fold, partly remedial, partly punitory; to furnish a more effectual remedy to a party who has suffered injury from the wanton and malicious act or conduct of another and to punish such offender for such wanton and malicious violation of another's rights. *Dempsey* v. *Hollis,* 116 Vt 316, 319, 75 A2d 662, and cases cited.

██ In this connection, it will be helpful to compare sections 2246 and 2249. The latter uses the words, "it shall be the duty of the court to adjudge." This statute was enacted by No. 26 of the Acts of 1853. Except for some minor changes in phraseology, it appears now as it was originally enacted. It is apparent that the legislature intended to place actions to recover money or property held in trust or in a fiduciary capacity and which had been misappropriated in a separate class. It was considered that a person who misappropriated such money or property was more culpable than one who might have injured another by his wilful and malicious act or neglect. When the finding is properly made in cases of this class, arising under § 2249, that the defendant intentionally converted the money or other property to his use, or directed or misapplied the same or the use thereof, then it is the duty of the court to "adjudge" as provided in the statute. This adjudication is not discretionary. *In Re Thompson,* 111 Vt 7, 13, 9 A2d 107, and cases cited. *St. Germain's Admr.* v. *Tuttle,* 114 Vt 348, 350, 45 A2d 202; *Adams* v. *Wait,* 42 Vt 16, 23. In cases under § 2246, whether the certificate is granted, *and to what extent,* must rest upon the findings of fact and the discretion of the court. *Smith* v. *Wilcox,* 47 Vt 537, 546.

While they are not a part of Chapter 107, it is pertinent here, in connection with confinement in close jail, the purpose of the statute and the culpability of the defendant, to mention V. S. 47, §§ 6214 and 6217. The former section provides that certain persons who are injured in person, property or means of support by an intoxicated person, or in consequence of the intoxication of such person, shall have a right of action against the person intoxicated or a person or persons who by selling or furnishing intoxicating liquor unlawfully, have caused in whole or in part such intoxication. The latter section provides that a judgment rendered under § 6114 shall be treated as rendered in an action of tort and that at the time of rendering the judgment, the court shall adjudge that the cause of action arose from the wilful and malicious act of the defendant, and that he ought to be confined in close jail. Here the intent of the legislature is plain and the certification is made the duty of the court as under section 2249.

Sections 2278 and 2279 originated in part in No. 8 of the Acts of 1830 and in part in No. 46 of the Acts of 1848. The first act gave the right to persons in jail, who were deprived of the benefit

of the poor debtor's oath, to apply to the county court for the benefit of it. In *Sommers* v. *Johnson,* 4 Vt 278, the question arose whether or not it applied to persons already in jail when the act was passed. In that case at p. 279 the court said, "It becomes the duty of the Court to decide, under this statute, whether the imprisonment has become merely punishment, and whether the prisoner has been sufficiently punished, and whether it is safe, and best for society, that he should be liberated, in case he can show his poverty before the jail commissioners. For all these purposes, nothing depends upon the time, when the imprisonment commenced; but upon its length, and its effects upon the prisoner, in reforming him, and reducing him to poverty, and bringing distress upon his family, if he has one. * * * * and there is no reason to believe, that the legislature intended to provide relief for those, who should afterwards be committed to prison, and leave in perpetual imprisonment those, whose hard bondage alone dictated the necessity of the statute." This act became sections 34 and 35 of R. S., Chapter 103. In section 34, it specifically stated that it applied in actions founded on a tort when the execution stated "that the cause of action arose from the wilful and malicious act of the defendant."

By No. 46 of the Acts of 1848 persons confined in jail in actions founded on a tort, when it was stated on the execution, "that the cause of action arose from the wilful act or neglect of the defendant and that he ought to be confined in close jail," were given the right to apply to the county court or to a Judge of the Supreme Court that he be admitted to the poor debtor's oath or to the liberties of the jail yard. R. S. §§ 55, 56, 57 and 58. By No. 73 of the Acts of 1874, those sections were made to apply in actions to recover money or property held in trust or in a fiduciary capacity. In R. L. 1880 these four sections and the Act of 1874 were combined into two sections and became R. L. §§ 1531 and 1532. They have now become sections 2278 and 2279 of V. S. 47, without material change.

To summarize: Section 2243 provides, with exceptions, that one imprisoned in certain actions may be admitted to the liberties of the jail yard on giving bond. In section 2246 the exception is where the judgment is in an action of tort and the execution has upon it the adjudication that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that he ought to be confined in jail. Section 2261 deals with an exception. It provides that a person shall be entitled to the benefits of the poor debtor's

oath, unless there is endorsed on the execution, that the cause of action arose from the wilful and malicious act or neglect of the defendant. Sections 2278 and 2279 provide for vacating of the certificates provided for in sections 2246, 2249 and 2261, sets up such procedure and provides for vacating in the disjunctive.

The case of *In re Wheelock,* 13 Vt 375, was decided in 1841. It was a habeas corpus case and the opinion was by the court. It turned upon the fact that there was nothing on the execution to show that the adjudication granting the certificate was made at the time of rendering judgment. However, Judge Redfield, in a separate opinion, after referring to sections 17 and 21 of R. S. Chapter 103, said at p. 377 :

> "It would seem that, in order to prevent the debtor, in actions of tort, *from obtaining the liberties of the jail yard,* it is necessary that the court, at the time of rendering judgment, should adjudge, that the cause of action arose from the wilful and malicious act or neglect of the defendant, *and that the court, from a consideration of the facts, do consider, that the defendant ought to be confined in close jail,* and the same properly certified : And when this latter clause in the certificate is omitted, the debtor is entitled to the liberties of the jail yard, upon giving bond, but cannot be admitted to the benefit of the poor debtor's oath, if the former part of the adjudication is properly certified."

In *Nichols* v. *Packard,* 16 Vt 147, in an opinion by the court, it is said,

> "As the present statute contemplates two grades of certificate (13 Vt 375 in the matter of *Horace Wheelock*), the matter could only be properly determined by the court before whom the trial was had. Under the present statute this court have never made an original adjudication, upon which to predicate such a certificate in either the first or second degree."

Three members of the court then, including Judge Redfield, were members at the time the Wheelock case was decided. In *Smith* v. *Wilcox,* 47 Vt 537, 546, decided in 1874, after stating in

the opinion that the action was one in which the statute in regard to certifying applied, this language was used, "This being the case, whether a certificate is to be granted, *and. to what extent,* must rest on the findings of fact and the discretion of the court in each case and cannot be made the ground for legal error by exception." In *Vermont Life Ins. Co.* v. *Dodge,* 48 Vt 156, 161, in distinguishing between commitments to jail and to close jail, it is said that as to the latter it must be adjudged, "Not only that the cause of action arose from the wilful and malicious act of the defendant, but that in consideration of the facts he ought to be confined in close jail, * * *. So that the only difference there can be between prisoners in jail and those in close jail, is, that the former may be admitted to the liberties of the jail-yard on giving bonds, and the latter may not." See also *In re Thompson,* 111 Vt 7, 15, 9 A2d 107. The case of *Wellman, Admr.* v. *Mead,* 93 Vt 322, 107 A 396, was decided in 1918. In that case on page 338 we find this statement, "If the action is founded upon a tort, on proper motion, it devolves upon the trial court to say, *considering the facts,* whether the cause of action arose from the wilful and malicious act of the defendant, and whether he ought to be confined in close jail (citing what is now § 2246). It is so far a question of fact and a matter of discretion that it is not reviewable here, if there is any supporting evidence" (citing cases). It is apparent that the court then considered that there should be, when the close jail adjudication was in question, two separate adjudications, each based, however, on the same facts.

The plaintiff says that in not one of the many appeals based upon this statute, has this court ever examined into the question of whether there was any basis for finding that the defendant ought not to be confined in close jail. That is true. In support of her position, that the court having found the wilful and malicious part of the certificate, must then add the close jail part, she relies upon the case of *Healy, Admr.* v. *Moore,* 108 Vt 324, 187 A 679. She quotes what is said in that opinion at page 350, "It is the duty of the court to grant the certificate if the plaintiff is entitled to it as a legal right, there being in this situation, no discretion in the matter." No question was raised in that case as to the close jail part of the certificate as a separate question. The question raised here was not before the court in that case. That opinion, as all others cited by the plaintiff to the same effect, must be read with that in mind and so understood. The situation is somewhat analogous to

actions having been maintained in our court against both master and servant for injuries caused by the negligent and wrongful act of the servant while acting within the scope of his employment and the court not having passed upon the right to maintain such an action until the question was properly raised. *Raymond* v. *Capobianco,* 107 Vt 295, 298, 178 A 896, 98 ALR 1051. When it was properly raised in that case, it was held such an action could not be maintained against both. The cases cited by the plaintiff cannot be considered as authority for her position.

The Legislature could very easily have made it the duty of the court to grant the certificate in its complete form including the close jail part under § 2246 as it did under §§ 2249 and 6617. It is to be presumed that the difference between them was for a purpose. We think it reasonable to say that the legislature had in mind the purpose of the statute as partly punitory and the culpability of the defendant in connection with the cause of action in making the distinction. Under the *Healy, Admr.* v. *Moore* case, *supra,* upon which the plaintiff relies, one who negligently failed to blow his horn and ran into and injured a plaintiff would be in the same category as one who inflicted the same injuries by intentionally running down a pedestrian. We think this would be an unjust and unreasonable result and against the reason and spirit of the law and results in an effect and consequence not intended by the Legislature. It seems reasonable and logical and within the spirit and purpose of the law, to separate the adjudication and certification into two parts, unless there is a positive direction in the statute otherwise.

 Was it proper for the court to consider the findings in regard to the physical condition of the defendant in exercising its discretion in adjudging that the defendant ought not to be confined in close jail? In *Whiting* v. *Dow,* 42 Vt 262, which was an action for the seduction of the plaintiff's daughter, this Court stated at page 264, "The question then as to the granting of the certificate, both from the nature of the action and the character of the injury, was to be determined from a consideration of all the facts as disclosed on the trial." The statute authorizing this procedure (P. L. § 2195, now V. S. 47, § 2246) contemplates a separate and independent examination of the evidence by the trial court as a basis for the adjudication. *Domina* v. *Pratt,* 111 Vt 166, 177, 13 A2d 198, and cases cited.

The action in *Pitkin* v. *Munsell,* 90 Vt 268, 97 A 657, was

brought against the defendant who was a boy thirteen years of age. He was charged with negligence by riding a bicycle and running down and injuring the plaintiff's daughter while she was walking on the sidewalk. In passing on a motion for a close jail execution, the trial court found, "that the defendant at the time of the injury complained of was a boy thirteen years of age, too young to fully comprehend, in the judgment of the court, the consequences of his act. * * * * The riding on the sidewalk, and the act or neglect which caused the injury was wilful, but the injury was accidental and without malice. * * * * If the action of the court on the facts is a matter of discretion, as we hold it to be, the motion is overruled and the close jail certificate is denied." The action of the trial court was affirmed. There is nothing in this case that indicates the court based its action on anything except the conduct of the defendant that caused the injury. The court did not consider any facts extraneous to the accident and how it happened. It is not in point as showing that in passing upon a motion for a close jail certificate the court can consider facts other than those that show how the cause of action arose.

██ Only the facts in regard to the manner in which the injury was caused can be material for the consideration of the court in adjudging whether or not the cause of action arose from the wilful and malicious act or neglect of the defendant. If facts like those presented by the defendant in the instant case are to be considered in adjudging if the defendant ought to be confined in close jail, it negates consideration of the culpability of the defendant and the punitory purpose of the statute. The defendant argues that, as the court, under section 2279, after a defendant has been committed to close jail, has the power to vacate the close jail part of the certificate only, thereby, in effect reversing its prior finding, it should have the right to consider all the circumstances including the defendant's physical condition, as was done here, before adjudging whether or not the close jail part of the certificate should issue. The answer to that is, that by the provisions of section 2279, the facts to be considered in deciding whether or not the certificate should be vacated are "the aggravation of the prisoner's case and the extent of his confinement." There is no reason for considering facts or circumstances, in deciding whether or not to grant the certificate, that the statute does not provide may be considered in determining whether or not it should be vacated.

 Upon a careful consideration of the questions raised and presented in the instant case, we have reached the following conclusions: That there are two grades of certificates in a certified execution, (1) where the court adjudges at the time of rendering judgment that the cause of action arose from the wilful and malicious act or neglect of the defendant and (2) where the court also adjudges in addition thereto that the defendant ought to be confined in close jail; that when the cause of action arises under section 2246, this latter adjudication is to be made upon the same evidence as the former and is to be granted or denied in the discretion of the court. Anything and everything in any of our cases, to the contrary of the foregoing conclusions is hereafter to be disregarded.

 It follows from what we have said, that the findings in regard to the physical condition of the defendant were immaterial to whether or not he ought to be confined in close jail. Immaterial findings may be disregarded if they do not affect the result of the material findings. *Turner* v. *Bragg,* 113 Vt 393, 398, 35 A2d 356, and cases cited; *In re Taft Estate,* 114 Vt 505, 512, 49 A2d 102. Here it is apparent that they did affect the result. Finding 6, "That the defendant ought not to be confined in close jail," is based in part, at least, upon the evidence introduced at the hearing on the motion for the close jail execution and findings 2, 3, 4 and 5 show the facts found from that evidence. The adjudication, that the defendant, "ought not to be confined in close jail," is based upon the facts found. It is apparent, therefore, that the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable, which is the recognized test. *Ricci* v. *Bove's Executor,* 116 Vt 335, 339, 75 A2d 682, and cases cited. The exceptions to finding 6 and to that part of the adjudication wherein, "It is adjudged by the court, that the defendant, Edward C. Towslee, ought not to be confined in close jail," are sustained.

 The plaintiff is entitled to have the question as to whether or not the defendant ought to be confined in close jail adjudged as a matter of discretion upon consideration of the proper facts and those only. The exercise of discretion in passing upon this question is for the trial court alone and we have no discretionary power in the matter. *Russell* v. *Pilger,* 113 Vt 537, 552, 37 A2d 403, and cases cited.

*Adjudication that the defendant ought not to be confined in*

468

*close jail reversed and cause remanded for further proceedings on the motion for a close jail execution, not inconsistent with the views expressed herein.*