# Peoples Trust Company of St. Albans v. Donald Trahan and Theresa M. Trahan

[353 A.2d 357]

No. 247-75

Present: Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 3, 1976

*Jon R. Eggleston* of *Kissane and Heald Associates,* St. Albans, for Plaintiff.

*George E. Spear, II,* Swanton, for Defendants.

**Larrow, J.** This is an appeal from an order of the Franklin Superior Court denying a close jail execution against the defendant Donald Trahan. By agreement of the parties, it was heard by a four man court.

Plaintiff bank originally sued defendants Donald and Theresa Trahan, husband and wife, claiming a balance due on a note. By later amendment, a second count was added, alleging in substance the conversion of merchandise floor planned through the bank by failure to turn over as agreed the proceeds of merchandise sold. Later, without trial, plaintiff's motion to strike the original count was granted, and, without objection, plaintiff had judgment entered in its favor on the second count in the amount of $7,642.05 plus costs. It seasonably moved for close jail execution against defendant Donald Trahan only. The trial court, after hearing, made findings of fact and denied the motion.

Appellant here urges that the issue of wilfulness and malice was foreclosed as a matter of law when the defendants did not object to judgment against them based upon the count sounding in conversion. It cites *Cone* v. *Drohat,* 117 Vt. 101, 85 A.2d 498 (1952) for that proposition. But, as we pointed out in *Economou* v. *Carpenter,* 124 Vt. 451, 456, 207 A.2d 241 (1965), the holding in *Cone* was followed by *Gould* v. *Towslee,* 117 Vt. 452, 94 A.2d 416 (1953), in which the general subject matter of close jail executions, admittedly in some confusion, was re-examined at length. *Gould,* although it did not completely reconcile previous cases, has since been considered as an accurate general statement of our law. The purpose of the close jail execution, in actions of tort, is partly punitory, and the culpability of the defendant is to be considered by the trial court in exercising its discretion with respect to granting it. Whatever the inference or holding of previous cases, the issuance of a close jail certificate is no longer a matter of right in actions where the statute does not mandate it. Such a mandate appears in 12 V.S.A. § 3625, relating to conversion of property held as a fiduciary, but it does not

appear in 12 V.S.A. § 3624, here material, relating to tort actions generally. Under § 3624, the confinement is discretionary, dependent upon the culpability of the act itself. The issuance of the certificate is not automatic; the conduct of the defendant must be weighed.

Two additional facts militate against the appellant's contention. The conversion count, as framed, contains no allegation of wilfulness or malice, so a failure to object to judgment cannot be said to concede these claims. And there are, of course, clearcut instances of conversion where no element of moral culpability is involved, so that an admission of conversion alone does not necessarily admit the degree of culpability required for punitory action. Cf. *Morrill* v. *Moulton*, 40 Vt. 242 (1867), holding that a defendant who comes into possession of property lawfully, and sells it believing it to be his own, may still be liable for conversion.

Appellant also argues that the trial court did not properly consider the matter of wilfulness and malice. The trial court found, in substance, that Donald Trahan had financial problems, and that he kept in contact with the plaintiff, which was aware he was not turning in all the money he was receiving from sale of the equipment covered by the floor plan and was trying to help him in a business sense, to protect its investment and obtain repayment of its loan. It concluded that it could not find "sufficient wilful and malicious intent on the part of the defendant to constitute acts calling for execution of the close jail certificate."

Appellant says that, so far as these findings relate to events *after* the conversion occurred, they fall within the rule of *Gould, supra,* as not relating to the character of the act itself and not determinative of culpability. We agree with that contention. As *Gould* holds, only the facts regarding the manner in which the injury itself was caused are material. If the trial court's conclusion rested only upon events after the conversion its discretion would have been exercised upon grounds and for reasons clearly untenable, and a reversal and remand would be required. But we do not so read the findings.

The findings, read squarely, indicate a continuing knowledge on the part of the plaintiff of the activities of de-

fendant Donald Trahan, not just a knowledge after the fact. They also indicate a cooperative attitude on the part of Trahan. Plaintiff argues that, so construed, the findings are "clearly erroneous" under V.R.C.P. 52(a). There was evidence introduced which would have justified a finding of malice and wilfulness, but its credibility was for the trial court. The burden is on the plaintiff to establish the facts entitling it to a close jail execution. *Jewett* v. *Pudlo,* 106 Vt. 249, 258, 172 A. 423 (1934); *North Adams Beef & Produce Co.* v. *Cantor,* 103 Vt. 514, 156 A. 879 (1931). We are not pointed to any evidence which would compel a finding other than that made by the trial court, and we will not search the record for error. *In re Wright,* 131 Vt. 473, 310 A.2d 1 (1973). Abuse of discretion by the trial court does not appear.

Although not briefed, the holding of the trial court might well be supported on other grounds. While we do not base our affirmance squarely on this point, it is significant that a close jail execution was requested only against the defendant Donald Trahan, although the judgment itself ran against both Donald and his wife Theresa. Although *Jewett, supra,* is not a square holding on the point, it does impliedly approve the principle, there conceded by the parties, that as a matter of law an execution can carry no more severe consequences against one joint defendant than is warranted against the least culpable defendant. Because of the partially punitive basis for the close jail execution, analogy to the rule about punitive damages, limiting them to those justified against the least responsible joint defendant, is particularly apt. Cf. *Parker* v. *Roberts,* 99 Vt. 219, 131 A. 21 (1925).

*The May 9, 1975, order of the Franklin Superior Court is affirmed, and the cause is remanded.*