[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 26, 1997
The plaintiff, Phyllis Jordan, Administratrix of the Estates of Adrienne Jordan, Alicia Jordan and Justin Jordan, commenced this action against the defendants, Yankee Gas Services and Yankee Energy Systems, Inc. (Yankee Gas). On October 4, 1994, the plaintiff filed an amended complaint asserting claims against two additional defendants, A.O. Smith and Torrington Supply Company, Inc. (Torrington Supply).
The amended complaint seeks damages for the deaths of Adrienne Jordan, Alicia Jordan and Justin Jordan in a house fire. The complaint alleges that the fire was caused by a defective pilot light on a hot water heater manufactured by A.O. Smith and leased by Yankee Gas.
Three motions are presently pending before this court.
Motion #156
The following facts are relevant to the first motion. On April 6, 1995, Torrington Supply filed a motion for summary CT Page 6486 judgment on the plaintiff's amended complaint. While the motion for summary judgment was pending, Yankee Gas filed an amended third party complaint against Torrington Supply which Torrington Supply moved to strike. Before the motion to strike was decided, the court granted Torrington Supply's motion for summary judgment on the plaintiff's amended complaint. Presently before the court is Torrington Supply's motion to strike Yankee Gas's amended third party complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group.Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court must consider the facts which are necessarily implied and fairly provable under the allegations. S.M.S. Textile Mills, Inc. v.Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Id. In deciding a motion to strike the court shall consider only those grounds specified in the motion. Blancato v. FeldsparCorporation, 203 Conn. 34, 44, 522 A.2d 1235 (1987).
Torrington Supply argues that Yankee Gas's third party complaint should be stricken because Torrington Supply is already a party to the action and because impleader applies only to persons "not a party to the action . . ." General Statutes § 52-102a(a). Because the court granted summary judgment in favor of Torrington Supply on the plaintiff's amended complaint, Torrington Supply is no longer a party to the action. As a result, the court cannot grant the motion to strike based upon the ground specified in Torrington Supply's motion. Blancato v.Feldspar Corporation, supra, 203 Conn. 44. The motion to strike is denied.
Motion #160
The following facts are relevant to the second motion. On March 2, 1995, A.O. Smith filed a motion for summary judgment on the plaintiff's amended complaint. The court granted the motion. Thereafter, Yankee Gas filed an amended third party complaint CT Page 6487 against A.O. Smith asserting claims for: (1) indemnification; (2) contribution; (3) breach of warranty; and (4) products liability. Presently before the court is A.O. Smith's motion to strike Yankee Gas's third party complaint.
A.O. Smith asserts three grounds in support of its motion to strike: (1) that Yankee Gas is barred from asserting a claim for indemnification or contribution against A.O. Smith because A.O. Smith was originally a first party defendant in the action; (2) that Yankee Gas's amended third party complaint fails to allege an independent legal relationship between the parties as is required by Atkinson v. Berloni, 23 Conn. App. 325,580 A.2d 84 (1990); and (3) that Yankee Gas's breach of warranty claim is barred by the exclusivity provisions of Connecticut's Product Liability Act. Yankee Gas opposes the motion. For the following reasons the court denies the motion to strike the indemnification and contribution claims but grants the motion to strike the breach of warranty claim.
There is statutory authority which permits Yankee Gas to serve A.O. Smith with a third party complaint. General Statutes § 52-577a(b) permits a defendant to "implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action . . . is returned to court."
On its face, section 52-577a does not prohibit Yankee Gas from impleading A.O. Smith simply because A.O. Smith was once a party to the original action. Had the court denied A.O. Smith's motion for summary judgment on the plaintiff's amended complaint, A.O. Smith would still be a party to the action, and Yankee Gas would be barred from filing its third party complaint. See Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,702 n. 2, 353 A.2d 357 (1988). However, because A.O. Smith is no longer a party to the action, Kyrtatas does not apply. SeeMalerba v. Cessna Aircraft Co., 210 Conn. 189, 198n.9,554 A.2d 286 (1989).
The court also denies A.O. Smith's motion to strike the indemnification claim on the ground that Yankee Gas has not alleged an independent legal relationship with A.O. Smith. "[C]ontrary to the holding in Atkinson v. Berloni, supra,23 Conn. App. 325, a third party plaintiff, outside the context of workers' compensation law, need not establish the existence of CT Page 6488 an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of a common law claim for indemnity." Skuzinski v. Bouchard Fuels, Inc.,240 Conn. 694, 701-02, (1997).
The court grants A.O. Smith's motion to strike the breach of warranty claim on the ground that it is barred by the exclusivity provisions of Connecticut's Product Liability Act. General Statutes § 52-572n (a) provides: "A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." "[O]ur products liability statute, General Statutes § 52-572n(a), provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim."Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 463, 562 A.2d 517
(1989). But see, Hoboken Wood Flooring Corporation v. TorringtonSupply Co., 42 Conn. Sup. 153, 155, 606 A.2d 1006, 5 CONN. L. RPTR. 219 (1991) (request to revise is appropriate procedural vehicle to challenge claims not asserted in a single count products liability complaint). A.O. Smith's motion to strike the breach of warranty claim is granted.
Motion #162
In the third motion, Yankee Gas moves the court for an order granting Torrington Supply's motion for summary judgment nunc pro tunc[1], retroactive to August 10, 1995, which is one day prior to the date the court granted Yankee Gas's motion to implead Torrington Supply as a third party defendant.
"The underlying principle on which judgments nunc pro tunc are sustained is that such action is necessary in furtherance of justice and in order to save a party from unjust prejudice . . . caused by the acts of the court or the course of judicial procedure. In other words, the practice is intended merely to make sure that one shall not suffer for an event which he could not avoid." (Internal quotation marks omitted.) Gary ExcavatingCo. v. North Haven, 163 Conn. 428, 430, 311 A.2d 90 (1972).
Yankee Gas's purpose in requesting the order nunc pro tunc is to avoid Torrington Supply's argument, in support of its CT Page 6489 motion to strike, that Torrington Supply is already a party to the action. The court has already determined that Torrington Supply is no longer a party to the action. Since the court has already denied Torrington Supply's motion to strike, it is unnecessary to grant Yankee Gas's motion for an order nunc pro tunc. The motion is denied.
SKOLNICK, J.