[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT SHUQUALAK LUMBER COMPANY, INC.'S MOTION TO STRIKE COUNT TWO OF THIRD PARTY COMPLAINT
The present action was initiated by Arthur J. Grenier, III, who was injured after falling from scaffolding allegedly owned, erected and maintained by New Haven Scaffolding, Inc., and Donald Phillips, d/b/a as New Haven Scaffolding, Inc. The plaintiffs are Arthur J. Grenier, III, and Laura M. Grenier. The defendants are now New Haven Scaffolding, Inc., Donald Phillips, d/b/a as New Haven Scaffolding, Inc., Glen Rock Lumber Supply Company (Glen Rock), Shuqualak Lumber Company, Inc. (Shuqualak), and Kennison Forest Products, Inc. (Kennison).[1]
The plaintiffs allege the following facts. Arthur J. Grenier, III, was an employee of Bridgeport Restoration Company (Bridgeport Restoration). New Haven Scaffolding contracted with Bridgeport Restoration to provide and erect scaffolding at Seth North Hall, a building located on the Central Connecticut State University campus in New Britain, Connecticut. On November 9, 1998, Arthur J. Grenier, III, was lawfully upon the scaffolding when he fell to the ground, thereby suffering numerous injuries. In their third amended complaint, Arthur J. Grenier, III, and Laura Grenier allege against New Haven Scaffolding negligence (count one) and loss of consortium (count two); against Donald Phillips negligence (count three) and loss of consortium (count four); against Glen Rock liability pursuant to the product liability statute, General Statutes § 52-572m et seq., (count five) and loss of consortium (count six); against Shuqualak liability pursuant to § 52-572m et seq., (count seven) and loss of consortium (count eight); and against Kennison liability pursuant to § 52-572m et seq., (count nine) and loss of consortium (count ten).[2]
The plaintiffs' complaint alleges that the defendants may have used defective or inadequate planks in the scaffolding. New Haven Scaffolding and Donald Phillips allege that Glen Rock provided planks to New Haven Scaffolding that were used at the Seth North Hall location.
In its first revised third party complaint, Glen Rock alleges that, prior to September 9, 1998, Shuqualak and Kennison sold wooden scaffolding planks to Glen Rock. Glen Rock, in turn, sold certain wooden scaffolding planks to New Haven Scaffolding. Glen Rock alleges against Shuqualak and Kennison negligence (count one) and indemnification (count two). Glen Rock also alleges against Shuqualak breach of express warranty (count three), breach of the implied warranty of merchantability (count five) and breach of the implied warranty of fitness (count seven). Glen Rock further alleges against Kennison breach of express warranty (count four), breach of implied warranty (count six) and breach of implied warranty of fitness (count eight). Pending before the court is Shuqualak's motion to strike count two (indemnification) of Glen Rock's first revised third party complaint to which Glen Rock has filed an objection.[3]
CT Page 10157
 I
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260,765 A.2d 505 (2001).
Shuqualak argues that its motion to strike the second count of Glen Rock's first revised third party complaint should be granted on the ground that, pursuant to the Supreme Court's holding in Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 699, 535 A.2d 357 (1988), a claim for common law indemnification between codefendants is legally insufficient under the Connecticut product liability act. Glen Rock argues that Shuqualak's motion to strike should be denied because indemnification claims among codefendants in the product liability context are permissible pursuant to the Supreme Court's holding in Malerba v. Cessna Aircraft Co.,210 Conn. 189, 555 A.2d 287 (1989).
In Kyrtatas v. Stop Shop, Inc., supra, 205 Conn. 695, the plaintiff was injured when an aerosol can of Stop Shop brand window cleaner exploded, striking the plaintiff in the face. The plaintiff brought a product liability action against Stop Shop, Inc., Shield Packaging Co., Inc. (Shield) and Crown Cork Seal Co., Inc. (Crown). Id., 695-96. Cross complaints were filed by Crown and Stop Shop against each other and against Shield. Id., 696. Shield filed a cross complaint seeking indemnity from Crown. Id. The jury found Stop Shop and Shield legally responsible for the plaintiff's injuries. Id., 696-97.
The issue before the court in Kyrtatas v. Stop Shop, Inc., supra,205 Conn. 697, was whether Shield was required to indemnify Stop Shop for its liability under the judgment in the case. The court concluded that "the common law doctrine of indemnification is inconsistent with provisions of the product liability act concerning comparative responsibility, award of damages, and contribution under General Statutes CT Page 10158 § 52-572o."[4] Id., 699. The court further explained that "[c]omparative responsibility is inconsistent with indemnification because the former allows a jury to assign liability in specific proportion among several defendants on the basis of the evidence presented while the latter doctrine arose in response to the common law prohibition against contribution, and applies only in situations in which a passive joint tortfeasor has no actual responsibility for a tort. Indemnification is also irreconcilable with the product liability act because the legislature in subsection (e) of § 52-572o has abolished the common law prohibition against contribution in the context of these suits." Id., 700. The court ultimately held that "the product liability act has abrogated common law indemnification principles in this area"; id., 702; but limited its holding to "situations in which all potential defendants are parties to the suit." Id., p. 702 n. 2.
The following year the Supreme Court decided Malerba v. Cessna AircraftCo., supra, 210 Conn. 189. The procedural posture of the parties inMalerba is distinguishable from the procedural posture of the parties inKyrtatas v. Stop Shop, Inc., supra, 205 Conn. 694. In Malerba v. CessnaAircraft Co., supra, 210 Conn. 190, the plaintiff brought an action against Cessna Aircraft Co., seeking damages for personal injuries sustained in an airplane accident. The defendant filed a third party complaint against the aircraft's owner and mechanic seeking indemnification and contribution. Id., 191. Unlike Kyrtatas where the indemnity claims arose as cross claims between first party defendants, the indemnity claim in Malerba occurred in the context of third party complaints. Id., 190-91. In Malerba, one of the third party defendants filed a motion to strike the defendant's third party complaint. Id. The court reversed the trial court's grant of the motions to strike, holding that "common law indemnification continues as a viable cause of action in the context of product liability claims." Id., 198. The court concluded that "the comparative responsibility principles that serve as [a product liability claim's] foundation do not bar a later determination of liability as between an indemnitee and an indemnitor." Id., 198-99. The court stated that the "holding in Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 702 n. 2, 535 A.2d 357 (1988), was specifically limited to its factual circumstances which are different from the procedural posture in which we find this case." Id., 198 n. 9.
There is a split of authority in the Superior Courts concerning whether proceedings for indemnity among third party defendants in product liability suits are permissible in light of the arguably inconsistent decisions in Kyrtatas v. Stop Shop, Inc., supra, 205 Conn. 694, andMalerba v. Cessna Aircraft Co., supra, 210 Conn. 189. Some courts have held that Kyrtatas is still controlling law and that it prohibits indemnification claims between first party defendants. See, e.g., CT Page 10159Parziale v. Salvatore, Superior Court, judicial district of Waterbury, Docket No. 142725 (August 14, 1998, Carroll, J.); Jordan v. Yankee GasService Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 047614 (June 26, 1997, Skolnick, J.) (20 Conn. L. Rptr. 15, 16); Mirabella v. Yale-New Haven Hospital, Superior Court, judicial district of New Haven, Docket No. 326943 (July 5, 1994, Fracasse, J.); Miller v. NortheastUtilities, Superior Court, judicial district of New London at New London, Docket No. 520484 (April 21, 1993, Hurley, J.);Buda v. Valley Diner, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 040631 (January 20, 1993,Flynn, J.); United States Fidelity v. McDonnell Leasing Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 112492 (June 1, 1992, Rush, J.). Other courts rely on Malerba and allow indemnification claims to proceed despite the fact that they are brought between first party defendants. See, e.g., Rotonto v. AccessIndustries, Inc., Superior Court, judicial district of Hartford, Docket No. 582619 (January 20, 2000, Fineberg, J.); Olmstead v. EdwardsSuperstores, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058382 (July 7, 1998, Corradino, J.) (22 Conn. L. Rptr. 343, 344); Allstate Ins. Co. v. Miller Chevy-Isuzu, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 384894 (August 6, 1991, Aurigemma, J.).
The court agrees that "Malerba did not overrule the Kyrtatas case, but distinguishes it based on the presence of all parties in the initialKyrtatas lawsuit, as opposed to the Malerba situation where some were not [present]"; Buda v. Valley Diner, Inc., supra, Superior Court, Docket No. 040631; and that "the Kyrtatas decision still constitutes controlling law." United States Fidelity v. McDonnell Leasing Corp., supra, Superior Court, Docket No. 112492. The factual scenario in the present action is similar to the factual scenario in Kyrtatas v. Stop Shop, Inc., supra,205 Conn. 695-97. Because the plaintiffs have amended their complaint to assert direct claims under the product liability act against Glen Rock, Shuqualak and Kennison, the indemnification claim contained in count two of Glen Rock's third party complaint against Shuqualak amounts to a claim against a first party defendant. As discussed above, Malerba v. CessnaAircraft Co., supra, 210 Conn. 190-91, involved a third party indemnification claim and, therefore, is distinguishable from the present action. Because Shuqualak is also a first party defendant by virtue of the plaintiffs' third amended complaint, the holding of Kyrtatas v. Stop Shop, Inc., supra, 205 Conn. 702, applies, and common law indemnification is not a viable cause of action by Glen Rock against Shuqualak.
 CONCLUSION
CT Page 10160
For the foregoing reasons, Shuqualak's motion to strike count two of Glen Rock's third party complaint is granted.
Peck, J.